OSILDA H. RICARD *vs.* JOSEPH A. RICARD.

MAY 27, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This petition for divorce, alleging neglect to provide, continued drunkenness and extreme cruelty, was heard by a justice of the Superior Court who found the evidence insufficient to support the first two grounds but granted the petition on the ground of extreme cruelty. The case is before us on respondent's exceptions to this decision and to the admission of testimony regarding an occurrence alleged to have taken place after the filing of the petition.

Such testimony is generally inadmissible, but as the trial justice stated that he disregarded it in deciding the instant case, neither this exception nor the testimony upon which it was based need be considered.

The question before us is whether petitioner has offered sufficient evidence to warrant the granting of her petition on the ground of extreme cruelty.

In the bill of particulars petitioner specifies as acts of extreme cruelty the following: that during the year previous to August, 1930, respondent, by reason of being intoxicated, caused petitioner to be fearful of bodily harm at his hands, and that on several occasions he threatened to kill her, as a result of which petitioner became nervous and ill and found it necessary to consult a physician. In the petition for divorce, the acts of extreme cruelty set forth are use by respondent of infamous and profane language attacking petitioner's reputation and an assault upon their daughter when she protested against such language. Petitioner testified that respondent on two occasions endeavored to prevent her from entering an automobile. These acts under the circumstances did not constitute extreme cruelty, and are not charged in either the petition or the bill of particulars. The only act of physical cruelty in evidence is, according to the petitioner's testimony, that respondent came home in an intoxicated condition one night, tried to kiss her, and when she prevented this seized and tore her nightgown, but did not strike her. The record discloses no other acts of physical cruelty, and the daughter testified that she never saw her father harm her mother. Regard-

ing the statement in the petition that respondent had so assaulted their daughter as to result in serious bodily injuries to her, the daughter at first wholly denied the occurrence and later, under re-direct examination, testified that her father once had slapped her but without violence and without leaving any mark or injury.

Evidence as to the alleged acts of mental cruelty was equally slight. The daughter testified that respondent's language to petitioner "wasn't extra good," but no witness other than the petitioner affirmed this testimony. Respondent denied making threats to kill petitioner and her testimony in this regard was indefinite and uncorroborated. Although several witnesses testified that petitioner was frequently made nervous and upset by respondent's intemperance, it appears that petitioner only once, in January, 1930, found it necessary to consult a physician, who was not called to testify.

It appears from the evidence that the parties have been married more than twenty-one years and have a daughter about twenty years old. Respondent is a carpenter and in normal times has been regularly employed, while petitioner has for about six years conducted a rooming house. The daughter testified that respondent was not lazy and tried to obtain work but during the last two years had not been wholly successful. It is probable that his inability to obtain steady work, together with the resulting diminution of his income, his use of liquor and his indignation and anger because of his wife's association against his wishes with another man, were largely responsible for the disagreements and bitterness between the parties during the last two years of their married life, regarding which difficulties it cannot be said that either was blameless.

This court has held in *Corcoran v. Corcoran,* 148 A. 318, that a few isolated acts and remarks are insufficient to substantiate the charge of extreme cruelty. In the instant case the variance between the acts of cruelty as set forth in the petition, in the bill of particulars and in the testimony

leads to the conclusion that the grounds most strongly relied upon by petitioner were neglect to provide and drunkenness, upon both of which the court below found against her.

Petitioner has failed to produce sufficient evidence to warrant a decision in her favor on the ground of extreme cruelty. Respondent's exception to the decision as being against the weight of the evidence is sustained. Petitioner may, if she shall see fit, appear on June 6, 1932, at 9 o'clock a. m. Eastern standard time, and show cause, if any she has, why the case should not be remitted to the Superior Court with direction to dismiss the petition.

*Thomas F. Vance, Ambrose Choquet,* for petitioner.
*Harlow & Boudreau,* for respondent.