358 P.2d 632

Nick M. VRONTIKIS, Plaintiff and
Respondent,

v.

Dorothy Mae Jenson VRONTIKIS,
Defendant and Appellant.

No. 9252.

Supreme Court of Utah.

Jan. 12, 1961.

Raymond W. Gee, Salt Lake City, for appellant.

Cotro-Manes & Cotro-Manes, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff husband brought this action against the defendant seeking a divorce. Defendant filed a counterclaim in which she also prayed for a divorce. Both parties charged the other with cruel treatment causing great mental distress. From a judgment awarding plaintiff the divorce

and dismissing her counterclaim, the defendant appeals.

As her first assignment of error, the defendant contends that the trial court erred in refusing to admit testimony concerning a trip which the plaintiff took to Mexico, allegedly with another woman. The trial court ruled the evidence inadmissible because the trip was taken after the action was commenced. This ruling of the trial court was error.

The defendant, in her counterclaim, had alleged cruel treatment causing her great mental distress. Certainly, conduct amounting to infidelity or adultery can be classed as cruel treatment which would result in mental distress to the offended spouse. At the trial the defendant testified that the plaintiff had kept late hours, arriving at home on occasions as late as four o'clock in the morning. Such habits are indicative of infidelity and a trip to Mexico with another woman would tend to corroborate this. Evidence as to conduct subsequent to the filing of a divorce complaint is inadmissible for the purpose of establishing grounds for divorce, but is admissible as lending weight to and corroborating testimony as to prior acts of ill-treatment.[1]

This is so even though the evidence, if relevant, also proves grounds for divorce other than that alleged.[2]

Prior to the marriage of the parties they executed a document designated as an antenuptial agreement. This agreement was held null and void by the lower court and no complaint is made of this ruling. However, defendant testified that her husband used this agreement as means to coerce her to comply with his demands which upset her. In an effort to corroborate this testimony, defendant offered into evidence a letter received by her and written by an attorney on behalf of the plaintiff and which had reference to the antenuptial agreement. Again we think the court, who heard the case without a jury, erred in refusing to receive this evidence. The contents of the letter might be hearsay but it was not offered to prove the truth of the matters stated therein but rather for the purpose of corroborating the testimony of the defendant with relation to the use the plaintiff made of the agreement.[3]

Defendant further complains that the lower court's award of property is inequitable. In this regard, the defendant, prior to the trial, took the deposition of the

1. 17 Am.Jur. p. 533; Garten v. Garten, 140 Cal.App.2d 489, 295 P.2d 23; Williamson v. Williamson, 164 La. 144, 113 So. 796; Jackson v. Jackson, 201 Okl. 292, 205 P.2d 297, 7 A.L.R.2d 1410; Olson v. Olson, 236 Minn. 363, 53 N.W.2d 29.
2. 27A C.J.S. Divorce § 130, p. 431.
3. 20 Am.Jur. p. 807.

plaintiff in which questions were propounded regarding the net worth and book value of Vrontikis Bros., Inc. Plaintiff objected to these questions which objection was sustained by the lower court. This, we conclude, was error. The plaintiff was the president and a principal shareholder of the corporation. The information sought should have been readily available to him, was relevant to the issues, and necessary to defendant to discover and ascertain the value of the stock which plaintiff owned in the corporation.

In placing a value upon the property of the plaintiff, the trial judge found that the 10,000 shares of stock owned by plaintiff in Vrontikis Bros., Inc. was worth $1,000, or 10¢ per share although its stated par value was $1 per share. The lower court evidently based its finding upon the testimony of the plaintiff that the value of the stock "may be ten cents" a share. Clearly, the information sought by defendant in the pretrial discovery proceedings would have been of considerable assistance in cross-examination of the plaintiff and in determining the true value of the stock.

For the foregoing reasons, the judgment of the trial court is reversed and the case remanded for a new trial. Costs to defendant (appellant).

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.