278 A.2d 472.

BERNARD J. WARD *vs.* MARY AVERY BRAMAN WARD.

JUNE 14, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Joslin, J. This is a domestic relations matter. The husband petitioned for a divorce from bed, board and future cohabitation and the wife cross-petitioned for an absolute divorce. Each alleged as a ground the extreme cruelty of the other, and the husband in addition alleged that the wife had been guilty of gross misbehavior and wickedness repugnant to and in violation of the marriage covenant and that she had been guilty of adultery. The case turned on credibility and a trial justice in the Family Court accepted as the more credible the evidence offered on behalf of the husband. His petition was granted on the ground of extreme cruelty and the wife's cross-petition denied. The wife appealed. She assigns as error three evidentiary rulings.

Initially the wife refers us to the interrogation of a police officer she called as a witness. In direct examination the officer identified himself, said that he recalled the evening of September 3, 1967 and was then asked "Where were you?" An objection to that question was sustained on the ground that the answer could only relate to events occurring subsequent to the commencement of the divorce petition. While the wife agrees that *Ricard* v. *Ricard*, 52 R. I. 288, 160 A. 745, says that evidence of events postdating the divorce petition will generally be inadmissible

to establish entitlement to a divorce, she nonetheless argues that in this case the evidence should have been admitted to lend weight to and to corroborate the evidence she had adduced concerning her husband's former acts of ill-treatment.

Assuming that evidence of subsequent events should have been admitted for the purpose of corroboration,[1] the question of whether its exclusion was prejudicial turns on what the officer would have said had he been permitted to respond, and the only information thereon in this record is found in the discussion between the court and counsel preceding the ruling on admissibility. When we look to it to ascertain the purport and purpose of the excluded testimony, we find that the trial justice was advised that it would coincide with what a previous witness had said about an altercation which occurred on the night of September 3, 1967, and would tend to show the husband's "propensity for a violent disposition." There is nothing in that discussion, however, which identifies the witness who had earlier testified or tells what his testimony was. Neither is there anything which describes the nature of the altercation, its cause or its participants. Without that information — and we will not search the record in an attempt to ascertain whether it exists, *Clarke* v. *Sullivan,* 103 R. I. 177, 235 A.2d 668 — we obviously lack a clear picture of what the wife intended to prove and we are, therefore, hardly in a position to decide whether she was prejudiced by reason of the exclusion of the answer.

If it had been the wife's intention to preserve the ruling sustaining the objection to her inquiry as a ground for appeal, she should have amplified the record with respect to the excluded testimony so that it would be reasonably spe-

---

[1] Cases supporting the principle are: *Garten* v. *Garten,* 140 Cal. App.2d 489, 295 P.2d 23; *Jackson* v. *Jackson,* 201 Okla. 292, 205 P.2d 297; *Vrontikis* v. *Vrontikis,* 11 Utah 2d 305, 358 P.2d 632.

cific, rather than vague; and her statement of the anticipated testimony should have been sufficiently detailed and factual to give us a clear picture of what she intended to prove and to establish that the evidence she was blocked from eliciting was admissible. These are prerequisites to preserving for review a ruling rejecting testimony. *Cullen v. Adler,* 107 R. I. 749, 756-57, 271 A.2d 466, 470; *Manning v. Redevelopment Agency of Newport,* 103 R. I. 371, 238 A.2d 378. Because the standards were not satisfied in this case, we are unadvised on matters which are essential to appellate review and we are therefore unable to determine whether the ruling complained of, even if erroneous, was prejudicial.

The next assignment of error concerns an affidavit which a key witness for the husband gave to the husband's counsel some time prior to the commencement of the litigation. It related to matters about which the witness testified to at the trial.[2] Upon learning that the witness had seen the affidavit during his pre-trial interrogation, the wife's counsel asked permission to examine it. That request was denied.

---

[2]During the cross-examination of that witness the following colloquy occurred:

"Q  Do you have a copy of that [affidavit]?

"A  No I don't.

"Q  Does Mr. Kirshenbaum?

"A  I presume so.

"Q  Have you seen it recently?

"A  I saw it Sunday night.

"Q  You saw it Sunday night?

"A  Yes.

"Q  In whose presence were you when you saw it Sunday night?

"A  I was in Mr. Kirshenbaum's presence.

"Q  Was Mr. Ward there?

"A  Yes.

"Q  So you were talking about this case?

"A  Mr. Kirshenbaum sat me down in a chair and he started asking me questions, that's all, as if I was on the witness stand."

The wife now argues that the trial justice erred in denying her request because of the rule which says that a memorandum used by a witness either prior to or while testifying for the purpose of refreshing his recollection must on demand of the opposing counsel be produced for inspection and for use in cross-examination. The rule she invokes is settled law. *State* v. *Bradshaw,* 101 R. I. 233, 221 A.2d 815, but it applies only if the witness looked at the affidavit in order to refresh his recollection and if in fact his memory was stimulated. *State* v. *Bradshaw, supra; National Labor Relations Board* v. *Federal Dairy Corp.,* 297 F.2d 487, 488 (1st Cir. 1962). It is inapposite here because there is nothing which the wife points to in this record which in any way indicates that the witness used the affidavit to recall circumstances which otherwise would not have been testified to because of an exhausted memory.

Finally the wife contends that the trial justice unduly restricted the scope and extent of her cross-examination when he refused to permit her alleged paramour to answer the question "Now, at the bedroom, when you were walking arm in arm and hand in hand, what did you do then?" While she attempts to support her position by arguing in her brief that "An examination of the transcript reveals that at no point had this matter been inquired into on cross-examination," the husband in his brief refers us to an earlier portion of the cross-examination wherein the witness testified that when he and the wife went into the bedroom they undressed, "got into bed" and had sexual relations. In the light of that testimony it appears to us that the subject matter had been well developed and that the wife was engaging in repetitious inquiry which could serve no useful purpose. The trial justice certainly did not abuse his discretion when he foreclosed that tactic. Moreover, even were this not so, the wife has no justi-

fiable complaint inasmuch as the divorce was granted on the ground of her extreme cruelty and not because she was an adulteress.

The respondent-wife's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Family Court for further proceedings.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for petitioner-appellee.

*Corcoran, Peckham & Hayes, Joseph T. Houlihan,* for respondent-appellant.