**Carole Minkevitch PROUDFIT, Plaintiff and Appellant,**

v.

**Robert Lee PROUDFIT III, Defendant and Respondent.**

**Helen F. Proudfit, Applicant for Intervention.**

**No. 16138.**

Supreme Court of Utah.

July 17, 1979.

---

**5.** *Terra Utilities, Inc. v. Public Service Comm.,* note 2, supra.

**6.** Utah, 545 P.2d 495, 501 (1975).

Robert A. Echard, Ogden, for plaintiff and appellant.

Brian Florence, Ogden, for defendant and respondent.

David S. Kunz, Ogden, for applicant for intervention.

HALL, Justice:

Appeal from a judgment in a divorce action alleging improper disposition of property.

Plaintiff obtained a decree of divorce from defendant on grounds of mental cruelty. The parties stipulated to the following facts. At the time of the divorce action, the parties owned various items of real and personal property, including rental property, an interest in two boats, numerous automobiles, the family home, and a retirement fund from defendant's employment as an air traffic controller. The parties have two children, ages eleven and eight. Defendant has an estimated yearly income of $25,000; plaintiff is unemployed.

1. U.C.A., 1953, 30–3–5.

The trial court, upon hearing the evidence, made disposition of the property as follows: plaintiff was awarded custody of the children, with child support payments due from defendant in the amount of $150 per child until the age of majority. In addition, alimony was awarded in the amount of $225 per month for three years. Plaintiff also received one of the cars (a 1968 Cadillac), and the family home, subject to all encumbrances including a $10,000 lien in favor of defendant, which is the subject of this appeal. Plaintiff was awarded, in addition, all furnishings from the home, $1,000 from the sale of a rental unit owned by the parties (an additional $1,000 from that sale going to pay her legal expenses), and part of certain personal property designated as "Mexican items." Defendant received an equity interest in certain income properties held by a partnership of which he was a partner, the balance of proceeds from the sale of the rental unit (less the $2,000 awarded plaintiff), his retirement benefits, the interest in the boats, the other motor vehicles (three), a stamp and coin collection, the remainder of the "Mexican items," and the lien on the family home. The total value of assets awarded plaintiff was approximately $21,000; defendant's share thereof was valued at approximately $43,000. It appears from the findings of the trial court that defendant was also obligated to retain the children as beneficiaries under his life insurance, to pay off any outstanding balance on the car awarded plaintiff, to pay real estate taxes on the family home through the year 1978, and to assume all debts and obligations arising out of the marriage save those payments on the family home falling due after the divorce was finalized.

Under Utah divorce law, the trial court is empowered to make such disposition of property between the parties as is equitable.[1] As reviewing court may not alter or reverse such a disposition unless it represents a clear abuse of the discretion so vested in the trial court.[2] On the basis of

2. *Mitchell v. Mitchell*, Utah, 527 P.2d 1359 (1974); *Searle v. Searle*, Utah, 522 P.2d 697 (1974).

the appeal as presented to us, we cannot so find, and therefore affirm.

 The essence of plaintiff's argument is that the settlement reached by the trial court is unduly favorable to defendant. Plaintiff asks the Court to set aside the trial court's award of the $10,000 lien on the family home in favor of defendant, thereby allowing her to take title to the property subject only to its present mortgage obligation. We note that the $10,000 lien on the family home will not, by the terms of the settlement, fall due until (1) plaintiff is remarried, (2) the youngest child of the marriage reaches maturity, or (3) the home is sold. Consequently, we do not deem it to be an abuse of discretion, particularly in the absence of proof as to its impropriety.

 Defendant is required to make the payments set out in the decree regarding alimony, child support, automobile payments, property taxes, life insurance, and all marital debts beyond the house mortgage. Plaintiff asserts that such debts (over and above those deleted to show the equity in the property owned) amount to no more than $3,000. Defendant claims that the figure more nearly approximates $15,-000. Which figure is the most accurate we cannot determine due to plaintiff's failure to supply us with a trial transcript. When a transcript is not furnished, we are constrained to regard the conclusions of the trier of fact as accurate and hence dispositive, there being nothing beyond the appellant's assertions to test their validity in light of the evidence.[3]

Plaintiff's claim that the sum awarded for child support is inadequate suffers from the same shortcoming as does her principal contention regarding the lien. Without a transcript upon which to evaluate the lower court's findings and conclusions, we are powerless to determine the sufficiency of the award of $150 per month per child. We are thus bound to view the actions of the fact-finder as proper. In this regard, it is to be noted that the applicable statute[4]

affords the trial court with continuing jurisdiction regarding such matters.

Affirmed. No costs awarded.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

---

3. *Goodman v. Lee,* Utah, 589 P.2d 759 (1978).

