**Edward R. SALZETTI and Paula Salzetti, Plaintiffs and Respondents,**

v.

**Thomas K. BACKMAN and Nickole Backman, Defendants and Appellants.**

**No. 17671.**

Supreme Court of Utah.

Nov. 18, 1981.

Brent D. Ward, Salt Lake City, for defendants and appellants.

Boyd L. Jentzsch, Salt Lake City, for plaintiffs and respondents.

PER CURIAM:

This is an appeal from an order finding the defendants in contempt for failure to deposit rentals in a case involving a lease which wound up in a receivership. The defendants, by affidavit, pleaded inability to make the deposit because their assets were frozen, and the trial court refused to lift the contempt order for any period, temporary or permanent.

Defendants on appeal urge three points to support their request that this Court order the vacation of the contempt finding and decision:

1. That the order finding defendants in contempt is a "final" appealable order.[1] No one on appeal has urged otherwise. Defendants raise the issue apparently in anticipation that, being an "order," the question of whether it was appealable might be raised. Such concern is dispelled by *Peterson v. Peterson*.[2] The order is appealable.

2. That the evidence did not support the order of contempt. The proof standard in a case such as this was set forth in *Thomas v. Thomas*[3] as follows:

[I]n order to justify a finding of contempt and the imposition of a jail sentence, it must appear by clear and convincing proof that: (1), the party knew what was required of him; (2), that he had the ability to comply; and (3), that he wilfully and knowingly failed and refused to do so. [Citations omitted]

These three elements are factual questions which arguably could have been decided either way in the instant case, particularly the "ability to comply." Unless the evidence was clear and convincing that defendants had the ability to comply, reversal would be justified.[4] We need not reach that question, however, because of the dispositive nature of defendants' third point on appeal.

3. That the court did not memorialize its judgment by entering written findings of fact and conclusions, which was fatal to the enforceability of the contempt order. We agree. Based on the authority of *Adams v. Adams*,[5] we reverse the contempt order of March 2, 1981, and order its dismissal *without prejudice*.

Reversed and remanded. Costs on appeal to defendants.

---

1. Under U.C.A., 1953, 78–2–2.

2. Utah, 530 P.2d 821 (1974), and cases cited therein.

3. Utah, 569 P.2d 1119 (1977).

4. *Bradshaw v. Kershaw*, Utah, 627 P.2d 528 (1981).

5. 30 Utah 2d 121, 514 P.2d 536 (1973).