Marvin L. WOODWARD, Plaintiff
and Appellant,

v.

Mildred L. WOODWARD, Defendant
and Respondent.

No. 20384.

Supreme Court of Utah.

Nov. 4, 1985.

Steven R. Bailey, Ogden, for plaintiff and appellant.

Ben Hadfield, Brigham City, for defendant and respondent.

PER CURIAM:

The plaintiff Marvin L. Woodward appeals from the denial of his motion to modify the parties' divorce decree to require the defendant to pay child support.

The original decree awarded the plaintiff father custody of their four children, two girls and two boys. Our prior decision is reported in *Woodward v. Woodward*, Utah, 656 P.2d 431 (1982). Subsequently, the two daughters left the plaintiff's home to reside with their mother, the defendant. Although both girls are now over age eighteen, one still lives with the defendant and

is supported by her. The two younger children continue to live in the custody of their father in the family home, the use of which was awarded to him in the decree.

The plaintiff claims that because he has custody of and supports two children while his former spouse has none she should be required to provide child support. According to the plaintiff, the trial court erred by not enforcing the defendant's mandatory obligation to provide financial support for the boys in the plaintiff's custody. The defendant does not contend that she owes no duty of support, but asserts that the trial court properly exercised its broad, equitable discretion in allocating the current financial obligations of support to the husband. We agree.

To obtain a modification of the divorce decree, the plaintiff has the burden to show a substantial change of circumstance since the decree that was not originally contemplated within the decree itself. *Lea v. Bowers*, Utah, 658 P.2d 1213, 1215 (1983); *Kessimakis v. Kessimakis*, Utah, 580 P.2d 1090 (1978). In reviewing child custody and support proceedings, we accord substantial deference to the trial court's findings and give it considerable latitude in fashioning the appropriate relief. We will not disturb that court's actions unless the evidence clearly preponderates to the contrary or there has been an abuse of discretion. *Christensen v. Christensen*, Utah, 628 P.2d 1297 (1981); *McCrary v. McCrary*, Utah, 599 P.2d 1248 (1979). Because the facts presented to us on appeal do not show any abuse of discretion, we affirm the trial court's refusal to find any substantial change in the circumstance of the parties which would warrant the imposition of support payments by the defendant.

The plaintiff has not provided this Court with a transcript of any evidence produced at the hearing below on his petition for modification. In the absence of a transcript of the evidence below and proper citations to the record which support a substantial change of circumstance, we presume the trial court's findings and order are supported by the evidence. *Proudfit v. Proudfit*, Utah, 598 P.2d 1318 (1979).

It is apparent from the limited record before us that the father has an annual income of approximately $32,000, and the mother's income is only $7,000. The court found that this relative disparity in the parties' income has not significantly changed since the divorce. *Gale v. Gale*, 123 Utah 277, 258 P.2d 986 (1953). There is no evidence to support the plaintiff's claim that his income is now inadequate to meet the two children's needs. Furthermore, he continues in the use and possession of the family home, including the defendant's equity therein. The original decree awarded the plaintiff the custody and responsibility for support of all four children. Subsequently, because the defendant assumed the support obligation for the two girls, the plaintiff has been required to only support the two younger children. This change of the parties' circumstances was to the plaintiff's advantage and would not support the modification the plaintiff now seeks.

Both parents have an obligation to support their children. A child's right to that support is paramount. *Hills v. Hills*, Utah, 638 P.2d 516 (1981); Uniform Civil Liability for Support Act, U.C.A., 1953, §§ 78–45–3, –4, as amended. However, it does not necessarily follow that in every instance the noncustodial parent must pay child support to the other parent. The trial court may fashion such equitable orders in relation to the children and their support as is reasonable and necessary, considering not only the needs of the children, but also the ability of the parent to pay. *Anderson v. Anderson*, 110 Utah 300, 172 P.2d 132 (1946); U.C.A., 1953, § 30–3–5, as amended. The fact that one parent is not currently required to pay support to the other neither terminates the child's right nor obviates that parent's responsibility for such support as may be determined at some future time. *In re C.J.U.*, Utah, 660 P.2d 237, 239 (1983).

Affirmed. No costs awarded.