**David SINCLAIR, Plaintiff and Appellant,**

v.

**Lorraine R. SINCLAIR, Defendant and Respondent.**

**No. 20031.**

Supreme Court of Utah.

May 2, 1986.

Douglas T. Hall, Salt Lake City, for plaintiff and appellant.

Craig M. Snyder, Provo, for defendant and respondent.

## PER CURIAM:

In this appeal from a divorce decree, plaintiff assails the trial court's award of the decree to defendant on her counterclaim, the award to her of attorney fees in the amount of $1,500, and the division of the marital debt. Plaintiff also appeals from the trial court's dismissal of his contempt motion. We affirm.

A skeletal outline of the facts suffices to frame the issues here pleaded.

### I.

Within a few days after he received his United States citizenship, plaintiff filed for divorce and removed himself and the children from the family's home. He told defendant that she had no further rights to the children and placed the children with a babysitter who had caused considerable friction between the parties during their marriage. He instructed the babysitter not to release the children to their mother. At trial, plaintiff testified that defendant had belittled him since the beginning of the

marriage and had given him little respect. He also added that defendant had physically attacked him "with closed fists." Defendant testified to plaintiff's inability to remain employed during the course of the marriage and her need to be the principal breadwinner in the family. She also testified of her anguish over plaintiff's conduct when he removed the children from their home. The court found that defendant was entitled to a divorce and that plaintiff had not presented sufficient evidence for grounds for divorce. Specific findings of facts included plaintiff's repeated course of conduct in failing to maintain regular employment and to provide financial support, as well as his refusal to reside with plaintiff as husband and wife.

Plaintiff's principal point on appeal is that the trial court based its award of the divorce to defendant upon her allegations of cruelty subsequent to plaintiff's filing for divorce and that that was impermissible under *Vrontikis v. Vrontikis*, 11 Utah 2d 305, 358 P.2d 632 (1961). In equitable proceedings, as here, this Court accords considerable deference to the findings of the trial court and does not disturb those findings unless the evidence clearly preponderates to the contrary, or the trial court has abused its discretion or misapplied principles of law. *Wiese v. Wiese*, Utah, 699 P.2d 700 (1984); *Fletcher v. Fletcher*, Utah, 615 P.2d 1218 (1980). The question of controlling importance is whether the spouse's conduct had the effect of inflicting mental cruelty upon the other to such an extent that the trial court is convinced that the marriage has failed and should be dissolved. *Izatt v. Izatt*, Utah, 627 P.2d 49 (1981). The ruling in *Vrontikis* is not applicable here. Although we held in that case that conduct subsequent to filing of a divorce complaint was inadmissible for the purpose of establishing grounds for divorce, defendant's grounds for divorce here were based on conduct preceding the filing of her counterclaim, and the trial court therefore properly considered defendant's allegations of cruelty arising out of plaintiff's conduct at the

time he left with the children. The ultimate determination must realistically depend on the effect plaintiff's conduct had upon defendant. *Hansen v. Hansen,* Utah, 537 P.2d 491 (1975). We find no abuse of discretion in the trial court's ruling in favor of defendant.

## II.

The award of attorney fees was proper where the record showed defendant's need based upon the fact that her monthly expenses exceeded her monthly income and the attorney testified to the reasonableness of his fees. U.C.A., 1953, § 30-3-3; *Walther v. Walther,* Utah, 709 P.2d 387 (1985); *Beals v. Beals,* Utah, 682 P.2d 862 (1984); *Fletcher v. Fletcher, supra.*

## III.

The division of marital property and perforce of marital debts is a matter within the sound discretion of the trial court and will not be disturbed by this Court absent a clear abuse of discretion. *Argyle v. Argyle,* Utah, 688 P.2d 468 (1984); *Kerr v. Kerr,* Utah, 610 P.2d 1380 (1980). Out of a total of roughly $6,000, plaintiff was required to assume $339 more in debts than defendant. Plaintiff relies on his own testimony that those charges represented debts incurred by defendant after the parties separated, but ignores the testimony of defendant that they were incurred before the separation for family clothing. From the evidence presented, the trial court may properly have concluded that the debt was incurred on behalf of the family. *Warren v. Warren,* Utah, 655 P.2d 684 (1982), cited by plaintiff for the contrary proposition, accords that deference to the trial court and is not in conflict with our holding here. The law contemplates a fair and equitable, not an equal, division of the marital debts. *Fletcher, supra.* Plaintiff did not argue that he lacked the funds to assume a portion of the parties' debt, and the 54–46% division, though not equal, was certainly not inequitable.

## IV.

Finally, plaintiff claims error in the trial court's dismissal of his contempt motion. Plaintiff alleged that subsequent to the court's order requiring defendant not to do any "act calculated to harass or injure the plaintiff" defendant showed a confidential medical report to the Utah Housing Authority and "discredited me with third parties." The court found, and the record supports its finding, that no evidence was placed before it to show that defendant had failed to abide by the restraining order and from which it could have found "by a preponderance thereof" that defendant was contemptuous in failing to comply with its order. To find contempt, the court must find from clear and convincing proof that the contemnor knew what was required of her, had the ability to comply, and willfully and knowingly failed and refused to do so. *Coleman v. Coleman,* Utah, 664 P.2d 1155 (1983); *Salzetti v. Backman,* Utah, 638 P.2d 543 (1981). In light of that standard of proof, the court's ruling that the contempt charge was without merit was amply supported by competent evidence.

The judgment is affirmed. Costs to defendant.