**Tamara Kay HILL aka Tamara O'Driscoll, Plaintiff and Appellee,**

v.

**Herschel Leroy HILL, Defendant and Appellant.**

**No. 910407–CA.**

Court of Appeals of Utah.

Nov. 4, 1992.

2. In light of this, we need not consider the other issue raised by Gregerson on appeal.

Robert M. McRae, Vernal, for defendant and appellant.

Tamara Kay O'Driscoll, pro se.

Before BILLINGS, JACKSON and RUSSON, JJ.

## OPINION

JACKSON, Judge:

Mr. Hill appeals an order modifying the child support provisions of the original decree of divorce. We reverse and remand in part and affirm in part.

## BACKGROUND

The parties were married eleven years and at the time of the divorce were parents of children, ages 7 and 9. Their stipulated decree required Mr. Hill to pay $200 support per month per child. The agreed decree provided for termination of support upon the death or emancipation of a child. The decree stated four events that would constitute emancipation but stated that emancipation would be postponed if "the child is enrolled as a full-time student in an accredited institution of higher learning." Then, the support obligation would continue until graduation but not beyond the age of 23.

In 1991, Mrs. Hill served an order to show cause on Mr. Hill seeking judgment for $2400 in child support arrearage. He responded with an answer and petition to modify his child support obligations. His pleading concluded:

> As a result of the material change of circumstances in defendant's earning abilities, the children of the parties' full time employment, and [Mrs. Hill's] being employed, defendant is entitled to a modification of the support decree in accordance with the Uniform Child Support Guidelines and for a reduction of same.

The trial court ruled that a material change in the parties' circumstances had occurred, ordered support reduced to $180 per child per month, and ordered that their son's support continue due to enrollment in an institution of higher learning. On appeal, Mr. Hill asserts the trial court erred in not requiring their son to have "passable grades" as a condition to extending support beyond his 18th birthday. Mr. Hill also claims error in the trial court's failure to apply the Uniform Child Support Guidelines in calculating the amount of support

as required by Utah Code Ann. § 78–45–7.2 (1992).[1]

## STANDARD OF REVIEW

■ Due to the equitable nature of child support proceedings, we accord substantial deference to the trial court's findings and give it considerable latitude in fashioning support orders. *Woodward v. Woodward*, 709 P.2d 393, 394 (Utah 1985). Accordingly, we will not disturb its actions unless there has been an abuse of discretion. *Id.* However, failure of the trial court to consider and make findings on statutorily mandated factors is itself an abuse of discretion. *See, Jefferies v. Jefferies*, 752 P.2d 909, 911–12 (Utah App. 1988).

## ANALYSIS

First, we examine the provision extending support beyond the age of majority. In this proceeding, the parties' son is beyond the age of majority and attending the Utah State University Uintah Basin Education Center. The trial court entered several findings regarding this issue including: (1) the parties initially agreed to this provision, (2) the director of the U.S.U. Center testified that full-time status of a student is defined as registration for at least 12 credit hours without regard to completion of the course or grade earned, unless they affect the student's status to continue, (3) the son had been enrolled for at least 12 credit hours since his 18th birthday, and (4) the son's academic standing would not prevent him from continuing as a student even though not enrolled for summer quarter.

■ Mr. Hill argues that their son should have "passing grades of a 2.0 or *C* average" so he can graduate, and that his grades were below a C average. Mr. Hill contends it is "unjust to punish [him] by ordering him to [comply] with the strict terms of the separation agreement under this fact situation." However, "[e]quity is not available to reinstate rights and privileges voluntarily contracted away simply because one has come to regret the bargain made." *Land v. Land*, 605 P.2d 1248, 1251 (Utah 1980). Further, both parties made concessions in exchange for their respective benefits. It is a proper assumption that Mrs. Hill "settled for the sum she received in reliance on the availability of additional funds to assist the children, living with her, in completing their education." *Despain v. Despain*, 627 P.2d 526, 528 (Utah 1981). It would be highly inequitable to permit Mr. Hill to retain the benefits and be relieved of the obligations he assumed in his bargain with Mrs. Hill. *Id.* Accordingly, we find no abuse of discretion in the trial court's ruling that Mr. Hill comply with his agreement to provide support for their son while he is *enrolled* as a full-time student. That ruling is affirmed.

■ Next, we examine Mr. Hill's claim that the trial court failed to comply with the provisions of the statutory child support guidelines. Utah Code Ann. § 78–45–7 to –7.19 (1992). The record is clear that the trial court acted without reference to the guidelines that apply to any "order establishing or *modifying* an award of child support entered on or after *July 1, 1989.*" Utah Code Ann. § 78–45–7.2(1) (1992) (emphasis added). The trial court entered the order modifying support on June 24, 1991. Section 78–45–7.2(2)(a) requires the trial court to apply the child support guidelines as a rebuttable presumption in establishing or modifying the amount of temporary or permanent child support. In order to rebut this statutory presumption, the trial court must make a finding that use of the guidelines would be unjust, inappropriate or not in the best interest of the child. Utah Code Ann. § 78–45–7.2(3) (1992). In this case, the trial court made no such finding. The monthly combined gross income of the parties, as found by the court, would result in a greater reduction in Mr. Hill's support obligation under the guidelines than that made by the court. The trial court committed reversible error when it failed to apply the presumptive guidelines and determined child support outside the guidelines without finding

---

1. Mrs. Hill did not file a brief in response to this appeal and oral argument was waived.

there were special circumstances that justified deviation. *See, Jefferies v. Jefferies,* 752 P.2d 909, 911 (Utah App.1988). We therefore reverse the modification of child support and remand for recalculation pursuant to the guidelines or for findings that justify deviation from them.

BILLINGS and RUSSON, JJ., concur.