Susan **THORNBLAD**, Plaintiff and Appellee,

v.

**Jerald Raymond THORNBLAD, Defendant and Appellant.**

No. 910724–CA.

Court of Appeals of Utah.

March 16, 1993.

Michael F. Olmstead, Ogden, for defendant and appellant.

Lawrence B. Dingivan, Suitter, Axland, Armstrong & Hanson, Salt Lake City, for plaintiff and appellee.

Before BENCH, GARFF and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Mr. Thornblad appeals an order modifying the child support provisions of the original decree of divorce. We reverse in part and affirm in part.

## FACTS

The parties were divorced in 1984. According to a stipulated agreement, Mrs. Thornblad received custody of the couple's two minor children, Christopher and Timothy. The agreement also required Mr. Thornblad to pay for the children's support at the monthly rate of $175.00 per child "during the minority of the children." This stipulated agreement was incorporated into the divorce decree dated August 1, 1984.

Christopher turned eighteen years old on October 4, 1990, at which time Mr. Thornblad ceased paying Christopher's child support. At the time of his eighteenth birthday, Christopher was a senior in high school, living at home with his mother and expecting to graduate from high school with his regular class in June 1991.

In February 1991, Mrs. Thornblad instituted a petition for modification, seeking to modify the provisions of the original decree regarding the child support for Christopher and Timothy. The court ordered that Christopher's support of $175 per month be enforced to the date of his high school graduation and applied this order retroactively, to the date Mr. Thornblad terminated payments.

Mr. Thornblad asserts the trial court erred in concluding that "[i]t is fair and equitable under the circumstances of this case and consistent with the intent of the Decree of Divorce that [Mr. Thornblad's] obligation for the support of Christopher be enforced for the period October 1, 1990 through and including June 6, 1991, the date of Christopher's graduation from high school."

## STANDARD OF REVIEW

██ Due to the equitable nature of child support proceedings, we accord substantial deference to the trial court's findings and give it considerable latitude in fashioning support orders. *Woodward v. Woodward,* 709 P.2d 393, 394 (Utah 1985); *Hill v. Hill,* 841 P.2d 722, 724 (Utah App.1992). Absent an abuse of discretion, we will not disturb the trial court's actions. *Hill,* 841 P.2d at 724.

## ANALYSIS

Some confusion exists regarding the nature of the trial court's actions. Mr. Thornblad admits "[i]t is not completely clear from the portion of the Order here appealed from, whether the trial judge was acting to modify the original Order with regard to Christopher's support, or whether the trial [judge] was simply concluding that his present order was complying with the original Order."

██ On the other hand, Mrs. Thornblad contends the trial court did not modify the original decree, but merely clarified its language. However, this could not be the case. The language of the stipulated agreement and original decree is clear and unambiguous. It provided that Mr. Thorn-

blad would pay Mrs. Thornblad "child support of $175.00 per month per child *during the minority* of the children." Minority of children is statutorily defined in Utah Code Ann. § 15–2–1 (1992): "The period of minority extends in males and females to the age of eighteen years; but all minors obtain their majority by marriage."

■ Although the current trend in Utah courts may be to award child support until high school graduation when the child will turn eighteen before that event, a distinction exists between those cases involving the power of a court in a divorce proceeding to enter orders concerning support and those cases in which the parties have settled their property rights by agreement. *Despain v. Despain*, 627 P.2d 526, 527 (Utah 1981). The parties clearly agreed that child support would be paid during Christopher's minority, which ended on his eighteenth birthday—not at the time of his high school graduation. Both parties undoubtedly made concessions for their respective benefits. "Equity is not available to reinstate rights and privileges voluntarily contracted away simply because one has come to regret the bargain made." *Hill v. Hill*, 841 P.2d 722, 724 (Utah App.1992) (quoting *Land v. Land*, 605 P.2d 1248, 1251 (Utah 1980)). The trial court could not interpret "minority of the children" as continuing until high school graduation as Mrs. Thornblad suggests.

The trial court in this case did not clarify the original decree. Rather, the court modified it. Mrs. Thornblad instituted a petition for modification. Accordingly, the trial court's order indicated that

the Decree of Divorce is hereby modified in the following respects:

. . . .

g. The Decree of Divorce established [Mr. Thornblad's] child support obligation for Christopher ... in the amount of $175.00 per month.... [T]he Court now concludes that it is fair and equitable ... that [Mr. Thornblad's] obligation for the support of Christopher be enforced ... through ... the date of Christopher's graduation from high school.

"In this matter, we deal with child support which is always open to the Court's power of modification (even though set by stipulation), upon a proper showing of a change of circumstances." *Despain*, 627 P.2d at 528. Although Christopher no longer qualifies as a "child" under Utah Code Ann. § 78–45–2(4) (1992), "the court has power to order continued support until age 21 when it appears to be necessary and when the court makes findings of any special or unusual circumstances to justify the order." *Harris v. Harris*, 585 P.2d 435, 437 (Utah 1978) (footnote omitted); *see* Utah Code Ann. § 15–2–1 (1992).

■ Mr. Thornblad claims the court found *no* change of circumstances when it declared that, until Christopher's high school graduation,

Christopher remained dependent on [Mrs. Thornblad] for his food, clothing, shelter, and other necessities of life in the same manner and to the same extent as he had been [previously, and that Mrs. Thornblad] incurred expenses to the same degree and of the same kind as those she was incurring [previously] to provide for the welfare of Christopher.

However, these specific findings appear to be the findings of necessity and special circumstances to justify extending Christopher's support until graduation. The trial court did, in fact, find a change of circumstances:

1. Based upon the testimonial and documentary evidence presented to the Court prior to and during trial, the Court has found and now concludes ... that there has been a substantial change in the financial circumstances of the parties within the meaning of section 62A–11–320.5(4), Utah Code Annotated, sufficient to warrant the modification of the Decree of Divorce entered by this Court on August 1, 1984.

The foregoing finding has not been directly challenged. Accordingly, we hold the trial court did not abuse its discretion in modifying the original decree to extend child support for Christopher until his high school graduation. The court properly entered findings of substantially changed circum-

stances to justify modification and properly entered findings of necessity and special circumstances to justify extension of support beyond age eighteen.

However, the trial court incorrectly applied the modification retroactively to October 1, 1990, the date Mr. Thornblad ceased support payments for Christopher. Utah Code Ann. § 30–3–10.6(2) (1992) establishes that

> [a] child or spousal support payment under a child support order may be modified with respect to any period during which a petition for modification is pending, but only from the date notice of that petition was given to the obligee, if the obligor is the petitioner, or to the obligor, if the obligee is the petitioner.

Notice of Mrs. Thornblad's petition for modification was served on Mr. Thornblad on February 11, 1991. The order of modification can only be applied retroactively to

that date. Accordingly, we reverse that portion of the support obligation applicable from October 4, 1990, to February 11, 1991.[1]

## CONCLUSION

Based on the foregoing analysis, we affirm the trial court's modification which extended Christopher's support until his graduation from high school and its retroactive application to February 11, 1991. We reverse the trial court's retroactive application of the order to October 4, 1990.

BENCH and GARFF, JJ., concur.

---

1. Nothing this court has done releases Mr. Thornblad from any obligation under the original order to pay Christopher's support for the three days in October 1990, prior to Christopher's eighteenth birthday.