**Dan BAKER, Plaintiff and Appellee,**

v.

**Lujuana BAKER, Defendant and Appellant.**

**No. 920314–CA.**

Court of Appeals of Utah.

Nov. 19, 1993.

---

Kellie F. Williams, Salt Lake City, for defendant and appellant.

James P. Cowley and Clark K. Taylor, Salt Lake City, for plaintiff and appellee.

Before BENCH, JACKSON and RUSSON, JJ.

## OPINION

RUSSON, Associate Presiding Judge:

Lujuana Baker appeals the trial court's decree of divorce, challenging the property division, as well as the child support and alimony awards. We affirm in part, and vacate and remand in part.

## FACTS

The Bakers were married June 8, 1970. In June 1991, Mr. Baker filed a complaint for divorce, which was granted on April 16, 1992. At the time of divorce, the Bakers' two minor children, as well as two children of their adult daughter, lived with Mrs. Baker. Due to the Bakers' excessive debt, the trial court ordered the marital home to be sold immediately. Pending sale, the order allowed Mrs. Baker to remain in the home, provided she pay $1,000 of the $1,665 monthly mortgage until October 1992, at which time, if the home still had not sold, Mrs. Baker was to make the entire monthly mortgage payment.

The trial court divided the remainder of the marital estate according to Mr. Baker's suggested division, awarding most of the property and debt to Mr. Baker, including a $94,389 loan payable to Mr. Baker's parents. The sum of the assets and liabilities awarded to Mrs. Baker had a positive net value of $17,500, while the sum of the assets and liabilities awarded to Mr. Baker had a negative net value of $43,637. Taking into account Mr. Baker's $150,120 annual earnings in 1991, the trial court awarded Mrs. Baker alimony of $1,200 per month until the marital residence was sold, at which time the amount was to increase to $1,400 per month. Further, the trial court awarded Mrs. Baker custody of the two minor children subject to reasonable visitation by Mr. Baker, and child support of $1,600 per month. The trial court did not award any child support for the two grandchildren who were living with Mrs. Baker.

Mrs. Baker appeals, claiming that the trial court erred in: (1) dividing the marital estate; (2) ordering the sale of the marital home; (3) dividing mortgage payments on the home pending its sale; (4) calculating child support; and (5) determining alimony. Both parties seek attorney fees on appeal.

## PROPERTY DIVISION

In a divorce proceeding, there is no fixed formula from which to determine the division of property. *Watson v. Watson,* 837 P.2d 1, 5 (Utah App.1992). Thus, "[w]e afford the trial court 'considerable latitude in adjusting financial and property interests, and its actions are entitled to a presumption of validity.'" *Id.* (quoting *Naranjo v. Naranjo,* 751 P.2d 1144, 1146 (Utah App.1988)). The trial court's findings of fact are presumed to be correct, and because we lack the advantage of seeing and hearing witnesses testify, we do not make our own findings of fact. *Gillmor v. Gillmor,* 745 P.2d 461, 462 (Utah App.1987), *cert. denied,* 765 P.2d 1278

(Utah 1988). Accordingly, we view "the evidence and all the inferences that can reasonably be drawn therefrom in a light most supportive of the trial court's findings." *Id.* (quoting *Horton v. Horton,* 695 P.2d 102, 106 (Utah 1984)).

■ We will alter the trial court's property division "only if there was a misunderstanding or misapplication of the law resulting in a substantial and prejudicial error, the evidence clearly preponderated against the findings, or such a serious inequity has resulted as to manifest a clear abuse of discretion." *Watson,* 837 P.2d at 5 (quoting *Naranjo,* 751 P.2d at 1146). Thus, to prevail on appeal of the trial court's findings as to the property division, Mrs. Baker must marshal the evidence that supports the findings and then demonstrate that, despite such evidence, the findings are "so lacking in support as to be against the clear weight of the evidence and, therefore, clearly erroneous." *Crouse v. Crouse,* 817 P.2d 836, 838 (Utah App.1991) (citations omitted); *accord Watson,* 837 P.2d at 6.

### Division of Marital Estate

■ Mrs. Baker claims that the trial court abused its discretion by erroneously including a $94,389 loan payable to Mr. Baker's parents in its division of the marital estate. Mrs. Baker argues that because (1) there is no note to support this debt, (2) she had no knowledge of this debt prior to divorce, and (3) Mr. Baker has no intention of paying off the debt, the trial court incorrectly characterized the money from Mr. Baker's parents as a loan. Mr. Baker responds that since the trial court's finding as to this debt was supported by sufficient evidence, such finding is not clearly erroneous.

While Mrs. Baker has met her burden of marshaling the evidence to support the trial court's finding, she has not shown that the finding is "so lacking in support as to be against the clear weight of the evidence and, therefore, clearly erroneous." *Crouse,* 817 P.2d at 838 (citations omitted). At trial, Mrs. Baker did not counter Mr. Baker's testimony that both he and his parents always viewed the money as a loan. Nor did she object to the admission of Mr. Baker's exhibit listing the parties' assets and liabilities, which included the $94,389 debt to Mr. Baker's parents. Also, it was Mrs. Baker who offered into evidence an exhibit showing the payment history of the loan in question. Lastly, the following exchange occurred between the trial court judge and Mrs. Baker's counsel:

> Judge Young: Okay. Ms. Williams, do I recall correctly that you have taken the deposition of [Mr. Baker's] parents in the discovery portion of this case?
>
> Ms. Williams: I did, your Honor.
>
> Judge Young: And that it would be their testimony that if they were called to testify they would state that this is an obligation that they intend to have repaid?
>
> Ms. Williams: That was their testimony.

■ "[O]n appeal from a judgment of the trial court, our role is not to substitute our own findings for those of the trial court, but to examine the record for evidence supporting the judgment." *Shioji v. Shioji,* 712 P.2d 197, 201 (Utah 1985). Thus, based on the foregoing, we conclude that the evidence was sufficient to support the trial court's finding that the $94,389 from Mr. Baker's parents was a loan, and was, therefore, part of the marital estate. Accordingly, Mrs. Baker's claim that the trial court abused its discretion by including that loan in its division of the marital estate fails.[1]

### Sale of Marital Home

■ Mrs. Baker claims that the trial court abused its discretion by ordering the sale of

---

1. This is especially true in light of the fact that under the trial court's division of the marital estate, Mr. Baker assumes a net value of $43,637 in debt, while Mrs. Baker receives a net value of $17,500 in assets. However, since "[t]he law contemplates a fair and equitable, not an equal, division of the marital debts," *Sinclair v. Sinclair,* 718 P.2d 396, 398 (Utah 1986) (citation omitted), this division, which appears to be unequal in that it places the burden of paying most of the marital debts on Mr. Baker, is nevertheless equitable. Given the relative earning capacities and current state of employment of the Bakers, the trial court properly placed the burden of the marital debt on Mr. Baker, and thus, did not abuse its discretion in the division of the marital estate.

the marital home because such sale would prohibit her and the minor children from remaining in the family residence. Mr. Baker responds that due to the large debt of the parties, the court correctly ordered the sale of the home.

Mrs. Baker relies on this court's decision in *Peterson v. Peterson,* 748 P.2d 593 (Utah App.1988), for the proposition that she and the children should not be forced to move out of the family home. In *Peterson,* the court awarded the wife the use of the family home, but clarified that the award was in light of the totality of the circumstances. *Id.* at 596. The home in question had been in the family for generations and was the only resource available to support the children. *Id.* at 593–95. Additionally, the wife seeking the use of the home was receiving public assistance. *Id.* at 594. Accordingly, this court stated that "equity requires [the home] be used to supplement the support of the children." *Id.* at 596.

In the case at bar, however, the totality of the circumstances supports the trial court's ordered sale of the home. First, the trial court found that the parties had incurred substantial debt, finding the net worth of the Bakers to be approximately negative $26,000. Second, Mrs. Baker testified to a desire to live in a different part of the city. Third, unlike in *Peterson,* the home had not been in the family for generations, but rather for less than two years. Finally, the marital home is not the only resource available to support the Baker children. The trial court ordered Mr. Baker to pay $1,600 per month in child support and $1,400 per month in alimony. Thus, there are resources other than the marital home available to support the children and Mrs. Baker. Accordingly, under the totality of the circumstances, the trial court did not abuse its discretion in ordering the immediate sale of the home.

### Division of Mortgage Payments

■ Mrs. Baker claims that the trial court abused its discretion in dividing the mortgage payments pending sale of the marital home. However, she cites no legal authority in support of this contention, and the argument and analysis are entirely inadequate. "Rule 24(a)(9) of the Utah Rules of Appellate Procedure states that the parties' briefs to this court 'shall contain the contentions and reasons of the appellant with respect to the issues presented, with citations to the authorities, statutes, and parts of the record relied on.'" *First Sec. Bank v. Creech,* 858 P.2d 958, 962 (Utah 1993) (quoting Utah R.App.P. 24(a)(9)). Because Mrs. Baker has neither complied with this rule nor presented "a compelling reason why we should waive application of rule 24(a)(9)," *id.* we do not address this argument on appeal. *See id.; accord SEMECO Indus., Inc. v. Utah State Tax Comm'n,* 849 P.2d 1167, 1169 (Utah 1993); *see also West Valley City v. Majestic Inv. Co.,* 818 P.2d 1311, 1313 n. 1 (Utah App.1991) (reminding counsel it is our prerogative to affirm lower court decision solely on basis of failure to comply with appellate rules); *English v. Standard Optical Co.,* 814 P.2d 613, 618–19 (Utah App.1991) (holding when analysis is not meaningful and fails to comply with appellate rules, we will assume correctness of judgment below and decline to address issue on appeal).[2]

### CHILD SUPPORT

Mrs. Baker claims that the trial court abused its discretion in awarding child support of $1,600 per month, asserting that the amount of child support is too low. Further, she argues that the trial court failed to make adequate findings in awarding child support because it did not consider the factors enumerated in Utah Code Ann. § 78–45–7(3) (1992). Mr. Baker responds that $1,600 per month is a reasonable sum. Further, he asserts that the trial court did not have to consider the guidelines listed in section 78–45–7(3), and thus, the trial court's findings were adequate.

■ In reviewing an award of child support, "we accord substantial deference to the

---

**2.** Moreover, even were we to address Mrs. Baker's argument on appeal, once the sale of the marital residence was ordered, it was not improper for the trial court to take measures to encourage that sale. Such measures may include requiring the party in possession to make all or part of the mortgage payment.

trial court's findings and give it considerable latitude in fashioning the appropriate relief." *Watson v. Watson,* 837 P.2d 1, 3 (Utah App. 1992) (quoting *Woodward v. Woodward,* 709 P.2d 393, 394 (Utah 1985)). We do not disturb the trial court's actions "unless the evidence clearly preponderates to the contrary or there has been an abuse of discretion." *Id.* (quoting *Woodward,* 709 P.2d at 394).

■ Utah Code Ann. § 78–45–7.12 (1992) provides:

If the combined adjusted gross income exceeds the highest level specified in the table, an appropriate and just child support amount may be ordered, but the amount ordered may not be less than the highest level specified in the table for the number of children due support.

Thus, when the gross adjusted income of the parties exceeds the highest gross income level specified in the table, $10,000 per month, the ordered payment of child support cannot be less than $1,400 per month for two children. *See* Utah Code Ann. § 78–45–7.14 (1992).

■ In the case at bar, the trial court found that Mr. Baker's 1991 annual compensation was $150,120, an amount which exceeds the statutory guideline amounts. *See id.* Accordingly, under section 78–45–7.12, the trial court had discretion to order "an appropriate and just support amount," so long as it was not less than $1,400 per month. The trial court ordered Mr. Baker to make monthly child support payments of $1,600. Because this amount exceeds the amount provided in the statutory guidelines, we will overturn the trial court's award of child support only if it is not "an appropriate and just child support amount." Utah Code Ann. § 78–45–7.12 (1992). Given (1) the excessive debt of the parties, (2) the relative distribution of the assets, specifically the fact that Mr. Baker is assuming a negative net value of $43,637, while Mrs. Baker is receiving a positive net value of $17,500, and (3) the fact that Mr. Baker's 1991 income did not significantly exceed the highest amount listed in the statutory guidelines, the trial court's child support award of $1,600 per month was just and appropriate under the facts of this case.

Mrs. Baker nonetheless asserts that, in determining if the support amount is appropriate and just, the trial court must consider the factors listed in Utah Code Ann. § 78–45–7(3) (1992), which provides:

If the court finds sufficient evidence to rebut the guidelines, the court shall establish support after considering all relevant factors, including but not limited to:

(a) the standard of living and situation of the parties;

(b) the relative wealth and income of the parties;

(c) the ability of the obligor to earn;

(d) the ability of the obligee to earn;

(e) the needs of the obligee, the obligor, and the child;

(f) the ages of the parties; and

(g) the responsibilities of the obligor and the obligee for the support of others.

However, by the very language of that section, a trial court need consider these enumerated factors only when there is sufficient evidence to rebut the guidelines set forth in section 78–45–7.14. In the case at bar, since the award of child support was beyond the amount listed in the statutory guidelines, neither party's proposed award even addressed, much less rebutted, the guidelines. Accordingly, the trial court did not err in declining to address the factors listed in section 78–45–7(3).

## ALIMONY

Mrs. Baker claims that the trial court improperly awarded alimony of only $1,400 per month, contending that (1) the court should have considered the expenses related to the two grandchildren who live with her, and (2) the court's findings were inadequate to support the alimony award. Mr. Baker responds that the trial court was correct in not considering expenses related to the grandchildren, and that the findings of fact were adequate to support the alimony award.

### Consideration of Grandchildren

■ Mrs. Baker argues that the trial court erred in not considering the expenses

related to the two grandchildren who reside with her, especially since she claims that it was Mr. Baker who encouraged her to take in the grandchildren. Mrs. Baker does not contend that Mr. Baker owes a duty of child support for the grandchildren, but rather that the grandchildren are a significant expense which should be factored into the alimony award. Mr. Baker responds that because the expenses attendant to the grandchildren are not relevant to alimony, and because he did not request that the grandchildren move in with Mrs. Baker, the trial court was correct in not factoring the expenses related to the grandchildren into the alimony award.

While it is well settled that the trial court must consider the financial condition and needs of the receiving spouse in determining alimony, *English v. English*, 565 P.2d 409, 411 (Utah 1977), to include the expenses related to the grandchildren would be tantamount to giving a child support award for the grandchildren. Although Mr. Baker does have a statutory duty to support his children, *see* Utah Code Ann. § 78–45–3 (1992), he has neither a statutory nor common law duty to provide support for his grandchildren. Accordingly, the trial court did not abuse its discretion in finding that the expenses attendant to the grandchildren were not relevant to, nor to be considered in, the award of alimony or child support.

### Adequacy of Findings of Fact

■ When providing for spousal support, the trial court has considerable discretion, and we will not disturb its alimony award absent a clear and prejudicial abuse of discretion. *Chambers v. Chambers*, 840 P.2d 841, 843 (Utah App.1992); *accord Paffel v. Paffel*, 732 P.2d 96, 100 (Utah 1986). Furthermore,

> In awarding alimony, appellate courts require the trial court to consider each of the following three factors: (1) the financial conditions and needs of the receiving spouse; (2) the ability of the receiving spouse to produce sufficient income for him or herself; and (3) the ability of the responding spouse to provide support. If these three factors have been considered,

we will not disturb the trial court's alimony award unless such a serious inequity has resulted as to manifest a clear abuse of discretion.

*Morgan v. Morgan*, 854 P.2d 559, 567 (Utah App.) (quoting *Schindler v. Schindler*, 776 P.2d 84, 90 (Utah App.1989)), *cert. denied*, 860 P.2d 943 (Utah 1993); *accord English*, 565 P.2d at 411–12; *Rappleye v. Rappleye*, 855 P.2d 260, 264 (Utah App.1993).

Moreover, in considering these factors, the trial court must make adequate "findings on all material issues unless the facts in the record are 'clear, uncontroverted, and capable of supporting only a finding in favor of the judgment.'" *Throckmorton v. Throckmorton*, 767 P.2d 121, 124 (Utah App.1988) (quoting *Acton v. Deliran*, 737 P.2d 996, 999 (Utah 1987)); *accord Chambers*, 840 P.2d at 843. Thus, when the trial court awarded Mrs. Baker alimony of $1,400 per month, it was required to make specific findings of fact explaining the award, unless the facts in the record are so clear as to support only such an award.

As to the first prong of the analysis, the trial court found that Mrs. Baker's financial condition and needs were as follows:

> 8. [Mrs. Baker] testified that her monthly expenses are $4,800.00 per month, excluding her car payment which is $396.00, for a total of $5,196.00 per month. [She] testified that those expenses include the expenses attendant to herself, her two children, and her two grandchildren residing in her home. The expenses related to the two grandchildren are not relevant to, nor should they be considered in, the Court's award of alimony and child support.

This finding is plainly insufficient because it fails to adequately address Mrs. Baker's financial condition and needs. Instead, the trial court merely restates Mrs. Baker's testimony that her expenses are $5,196 per month, including expenses related to her two children and her two grandchildren. Although, as noted above, the trial court was correct in finding that the expenses related to the grandchildren are not relevant to the alimony award, nowhere does the trial court state whether Mrs. Baker's calculation of

monthly expenses is reasonable or explain how it arrived at $1,400 per month as an appropriate amount. Nor is the record so clear as to allow us make such a determination for ourselves. Without more detailed findings of fact, we cannot determine whether an alimony award of $1,400 per month constitutes an abuse of discretion.

Further, in addressing Mr. Baker's ability to provide support, the trial court merely states Mr. Baker's earnings for the past six years. While earnings are a factor for the trial court to consider in assessing ability to provide support, simply stating such earnings does not amount to an adequate finding of fact as to his ability to provide support. To be sufficient, the findings should also address his needs and expenditures, such as housing, payment of debts, and other living expenses. In the case at bar, the findings do not address such issues. Thus, we vacate the trial court's award of alimony and remand for further findings as to Mrs. Baker's needs and Mr. Baker's ability to pay.

### ATTORNEY FEES ON APPEAL

Both Mr. and Mrs. Baker seek an award of attorney fees on appeal. "Ordinarily, when fees in a divorce have been awarded below to the party who then prevails on appeal, fees will also be awarded to that party on appeal." *Watson v. Watson,* 837 P.2d 1, 8 (Utah App. 1992) (quoting *Bell v. Bell,* 810 P.2d 489, 494 (Utah App.1991) (quoting *Burt v. Burt,* 799 P.2d 1166, 1171 (Utah App.1990))). In the case at bar, the trial court did not award attorney fees below to either party, but rather found the stipulation of the parties concerning attorney fees reasonable. Thus, because attorney fees were not awarded below, neither party is entitled to attorney fees on appeal.

### CONCLUSION

The trial court did not abuse its discretion in: (1) dividing the marital estate; (2) ordering the sale of the marital home; (3) dividing mortgage payments pending the sale of the marital home; (4) calculating child support; and (5) not considering expenses related to the grandchildren in awarding alimony. Accordingly, we affirm the trial court on these

issues. For the reasons provided above, we vacate the trial court's award of alimony and remand for more detailed findings of fact as to Mrs. Baker's needs and Mr. Baker's ability to pay. In addition, neither party is entitled to attorney fees on appeal.

BENCH and JACKSON, JJ., concur.