ORME, Judge
(concurring in part and dissenting in part):
¶ 23 I concur in the court's opinion in all respects but one. The loan from Husband's mother seems to have been on a much firmer footing than the intra-family "loans" that sometimes surface in divorcee cases. See generally Finlayson v. Finlayson, 874 P.2d 843, 848 (Utah Ct.App.1994) ("Whether moneys received from close family members represent a gift or a debt can be problematic."). While there may not have been a note memo *946 rializing the loan in the instant case, there was a firmly established payment schedule of $500 per month. Cf. Baker v. Baker, 866 P.2d 540, 543 (Utah Ct.App.1993) (holding that evidence was sufficient to support trial court's finding that loan from husband's parents was not a gift, even though no note memorialized debt, where husband and his parents had always viewed the money as a loan and there was evidence of payment history). Thirty such payments were made. And the one $1500 payment was presumably just a single check covering three months. The fact that seven payments were missed as the marriage was winding down did not mean the debt had vaporized; rather, it meant that the family was readjusting to the financial realities of divorcee and that Husband's mother was inclined to cut them a little slack.
¶ 24 Especially because the district court was willing to take into account expenses that Wife was not currently incurring, but soon would be, it should have similarly allocated to Husband's expense column the historical payment schedule on the debt owed to his mother, namely $500 per month, even though repayment had been briefly suspended. This expense was even more firmly demonstrated than were several of Wife's claimed future expenses recognized by the district court, which were based solely on her own testimony as to her plans for the future and her estimates about the additional costs those plans would entail.
¶ 25 I would remand the case for the limited purpose of having the district court recompute the monthly alimony amount payable by Husband, taking into account the full amount of this $500 per month expense for debt payment.