**Mary Ruth HASLAM, Plaintiff and Respondent,**

v.

**James Vincent HASLAM, Defendant and Appellant.**

**No. 18013.**

Supreme Court of Utah.

Dec. 31, 1982.

Leland S. McCullough, Salt Lake City, for defendant and appellant.

Mary Ruth Haslam, pro se.

STEWART, Justice:

The issue in this case is whether the trial court erred in dismissing defendant's motion to terminate alimony on the ground that the defendant had failed to demonstrate a "change of circumstances" sufficient to warrant termination.

In 1945 the parties were married and subsequently had two children. In 1966 the plaintiff obtained a divorce and upon an agreement between the parties an order was entered directing the defendant to pay $200 a month alimony plus child support. The child support has since then terminated by virtue of the children's reaching their majority. At the time of the divorce, defendant earned between $1000 and $1200 per month, and the plaintiff was unemployed.

In 1972, some six years after the divorce, the defendant remarried, and in 1980 he

**4.** *Lepasiotes v. Dinsdale,* 121 Utah 359, 242    P.2d 297 (1952).

retired. The trial court found that at the time of the hearing defendant's health and age did not permit him to work. The defendant now receives Social Security in the amount of $532.80, pension benefits in the amount of $618.09, and approximately $100 from stock dividends, for a total of $1,250.89. He receives an additional $229 from Social Security for his present wife and $229 for her minor child by a former husband. The household income therefore totals $1,708.89 and expenses total $1,607.83.

Plaintiff, subsequent to the divorce, secured a job and now earns $1,100 per month. In addition to the $200 alimony, she draws interest from $12,000 in savings. She has not remarried and claims expenses in the amount of $1,606. The trial court dismissed defendant's petition for a modification, finding that there had been no material change of circumstances.

Defendant's contention is that his income is approximately the same as it was in 1966, and the plaintiff's income has increased dramatically. He argues that it is unfair to require him to supplement the plaintiff's income when she has about the same income as he does and no dependents.

The district court has "continuing jurisdiction" in divorce cases "to make such subsequent changes or new orders with respect to the support and maintenance of the parties ... as shall be reasonable and necessary." U.C.A., 1953, § 30–3–5. To provide some stability to decrees, however, and to prevent an inundation of the courts with petitions for modification, a party seeking a modification must demonstrate a substantial change of circumstances. *E.g., Adams v. Adams,* Utah, 593 P.2d 147 (1979). The change in circumstances required to justify a modification of a divorce decree varies with the type of modification sought. *Foulger v. Foulger,* Utah, 626 P.2d 412 (1981). As to cases involving a petition to change the custody of children, see *Hogge v. Hogge,* Utah, 649 P.2d 51 (1982). As to changes in the disposition of real property, see *Despain v. Despain,* Utah, 610 P.2d 1303 (1980); *Land v. Land,* Utah, 605 P.2d 1248 (1980).

With respect to modifying alimony, this Court has recently stated that "provisions in the original decree of divorce granting alimony, child support, and the like must be readily susceptible to alteration at a later date, as the needs which such provisions were designed to fill are subject to rapid and unpredictable change." *Foulger v. Foulger,* Utah, 626 P.2d 412 (1981).

On the instant facts it is clear that there has been a substantial change in circumstances. Since the divorce, the former Mrs. Haslam has obtained employment, experienced a substantial increase in income and has accumulated some savings. Mr. Haslam has retired and presently receives income in approximately the same amount as he received at the time of the divorce some seventeen years ago.

Under the circumstances of this case, we think that the combination of the supporting spouse's retirement, together with the dependent spouse's employment, earning of a substantial income, and accumulation of substantial savings subsequent to the original divorce decree, constitutes a substantial change of circumstances. *See Lepis v. Lepis,* 83 N.J. 139, 416 A.2d 45 (1980), and cases cited. Therefore, defendant's petition for modification is reinstated and the case remanded so that the trial court may consider whether the alimony award should be modified as equity requires under the circumstances.

Reversed and remanded. Costs to respondent.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.