**2000 Utah Ct. App. 47**

**Frances R. BOLLIGER, Petitioner and Appellee,**

v.

**Ronald E. BOLLIGER, Respondent and Appellant.**

**No. 990350–CA.**

Court of Appeals of Utah.

Feb. 25, 2000.

Michael A. Jensen, Salt Lake City, for Appellant.

Suzanne Marelius, Littlefield & Peterson, Salt Lake City, for Appellee.

Before GREENWOOD, Presiding Judge, JACKSON, Associate Presiding Judge, and DAVIS, Judge.

## OPINION

DAVIS, Judge:

¶ 1 Respondent Ronald E. Bolliger appeals the trial court's denial of his petition to modify the alimony awarded in the parties' divorce decree. We reverse.

## I. FACTS

¶ 2 The parties here had been married for approximately thirty-four years when they divorced in March 1987. A stipulation and settlement agreement was entered into and incorporated into the divorce decree. Regarding alimony, the decree provided:

The Defendant shall pay to the Plaintiff for each of the months of January, February and March, 1987, the amount of $785.00 and the amount of $685.00 as of April, 1987, and thereafter, as monthly alimony and one-half of the military pension retirement benefits authorized under PL97–252, 10 USCS 1408 *et seq.* (Former Spouse's Protection Act). The Defendant is ordered to pay to Plaintiff one-half of any increase he receives in his retirement benefits and to pass along such increases at the time his benefits are increased.... The support payments outlined herein shall be payable to Plaintiff so long as she lives with the exception that they will cease upon Plaintiff's remarriage, cohabitation, or death.

¶ 3 Respondent filed a Petition to Modify Alimony in October 1997, seeking to reduce the permanent alimony award.[1] Respondent argued that a substantial change of circumstances had occurred by his unexpected early retirement, which was not anticipated in the divorce decree, and petitioner's receipt of social security, also not anticipated by the divorce decree and not considered in the amount of alimony awarded petitioner. Petitioner maintained that both the social security benefits and respondent's retirement were anticipated by the divorce decree and, therefore, did not amount to a substantial change of circumstances.

¶ 4 Before the hearing on respondent's petition, the parties entered into a Stipulation of Undisputed Facts. Regarding respondent's income, the parties stipulated that at the time of the divorce, he was earning $5700 per month. When the petition to modify was filed, respondent was earning $2937 per month: $1071 in social security benefits; half of his Air Force Retirement in the amount of $1184; and pension payments of $682 from his employer. Thus, his monthly income had decreased by $2763, or approximately forty-eight percent. The parties also stipulated that respondent "had to accept retirement through a reduction in force from [his employer]."

¶ 5 At the time of the divorce, petitioner earned a gross monthly income of about $340. She also received the $685 in alimony and half of respondent's Air Force Retirement in the amount of $1184. Thus, petitioner had a monthly income of approximately $2209. Petitioner's stipulated monthly income at the time of the petition to modify was $2390, derived from social security benefits in the amount of $521, half of respondent's Air Force Retirement in the amount of $1184, and alimony in the amount of $685. Petitioner became unemployed in June 1991 due to health problems.

¶ 6 At the hearing on respondent's petition, the trial court rejected respondent's arguments and denied his petition to modify. The trial court made the following determination regarding a substantial material change of circumstances:

The Court first considered whether there had been any substantial change since entry of the Decree, unforeseen by the parties to support any modification to the Decree. The Court finds that there has been no substantial, material change in circumstances sufficient to modify the Decree. The alleged changes of Respondent's retirement and the parties' receipt of social security benefits are foreseeable events. Further the parties agreed to a permanent alimony award. The Court is also not persuaded that the current difference in the parties' incomes which has been stipulated as $138 is a sufficient difference to warrant any change to the Court orders herein. It is evident that ever since the divorce there has been a much greater difference between the incomes of the parties than the present gap of $138, and that in prior years the difference always favored the Respondent.

¶ 7 Thus, respondent was "ordered to continue all support orders stated in the Decree of Divorce issued March 3, 1987 in full force and effect consisting of the following: payment of alimony to Petitioner in the amount of $685 per month; one-half [of] his military retirement pension along with any increases

---

1. Respondent initially argued that the sum of $685 should be reduced by the amount of Social Security received by petitioner. He later argued that the $685 should be eliminated in its entirety.

or adjustments made by the military." [2]  Petitioner was also awarded her costs and attorney fees.

¶ 8 Respondent appeals.

## II.  ISSUE AND STANDARD OF REVIEW

¶ 9 There is essentially one issue for our review: Did the trial court abuse its discretion by denying respondent's Petition to Modify Alimony on the basis that petitioner's receipt of social security benefits and respondent's retirement were foreseeable events when the divorce decree was entered, and therefore not a substantial material change of circumstances justifying a modification of the earlier alimony award?

¶ 10 " ' "The determination of the trial court that there [has or has not] been a substantial change of circumstances ... is presumed valid," ' and we review the ruling under an abuse of discretion standard." *Moon v. Moon,* 1999 Utah Ct. App. 012, ¶ 28, 973 P.2d 431 (alteration in original) (citations omitted), *cert. denied,* 982 P.2d 89 (Utah 1999).

## III.  ANALYSIS

### A.  Change in Circumstances

¶ 11 Respondent argues that the trial court abused its discretion by denying his petition to modify the original alimony award because both petitioner's receipt of social security benefits and his forced early retirement amount to a substantial material change in circumstances. "The court has continuing jurisdiction to make substantive changes and new orders regarding alimony based on a substantial material change in circumstances not foreseeable at the time of the divorce." Utah Code Ann. § 30-3-5(7)(g)(i) (Supp.1999).[3]  To succeed on a petition to modify a divorce decree, the moving party must first show that a substantial material change of circumstances has occurred " 'since the entry of the decree and *not contemplated in the decree itself.*' "  *Durfee v. Durfee,* 796 P.2d 713, 716 (Utah Ct.App.1990) (emphasis added) (quoting *Stettler v. Stettler,* 713 P.2d 699, 701 (Utah 1985)); *accord Williamson v. Williamson,* 1999 UT App 219, ¶ 8, 983 P.2d 1103.

¶ 12 "[W]here a future change in circumstances is contemplated by the trial court in the divorce decree, the fulfillment of that future change will not constitute a material change of circumstances sufficient to modify the award." *Johnson v. Johnson,* 855 P.2d 250, 253 (Utah Ct.App.1993).

¶ 13 This court has articulated what is meant by "contemplated by the divorce decree":

> The fact that the parties may have anticipated [a substantial material change in circumstances] in their own minds or in their discussions does not mean that the decree itself contemplates the change.  In order for a material change in circumstances to be contemplated in a divorce decree there must be evidence, preferably in the form of a provision within the decree itself, that the trial court anticipated the specific change.

*Durfee,* 796 P.2d at 716.  Accordingly, if both the divorce decree and the record are bereft of any reference to the changed circumstance at issue in the petition to modify, then the subsequent changed circumstance was not contemplated in the original divorce decree. *See id.*

¶ 14 The issue of whether the receipt of social security benefits or a spouse's later retirement is a substantial change in circumstances has been discussed in several Utah cases.  In *Haslam v. Haslam,* 657 P.2d 757 (Utah 1982), the parties divorced after twenty-one years of marriage. *See id.* at 757.  At the time of the divorce, the defendant was earning between $1000 and $1200 per month,

---

2.  Other orders were entered by the trial court that are immaterial to this appeal.

3.  The parties agree that this provision, added in 1995, does not alter the efficacy of our jurisprudence requiring evidence that the change was foreseen at the time of the divorce to preclude a finding of changed circumstances.  We agree and observe that said jurisprudence is sound and grounded in principles of res judicata. *See Krambule v. Krambule,* 1999 UT App 357, ¶ 13, 994 P.2d 210; *Hudema v. Carpenter,* 1999 UT App 290, ¶ 22, 989 P.2d 491.

and the plaintiff was unemployed. *See id.* The divorce decree required the defendant to pay $200 per month in alimony. *See id.*

¶ 15 Fourteen years after the divorce was granted, the defendant retired and began receiving social security and pension benefits. *See id.* at 757–58. He had a monthly income of $1708.89, which included his social security and pension benefits, income from stock dividends, and social security benefits for his present wife along with child support for her child from another marriage. *See id.* at 758. After the divorce, the plaintiff procured gainful employment and was earning a monthly salary of $1100 plus interest from a savings account. *See id.*

¶ 16 Based upon the defendant's retirement and the plaintiff's newly realized income, the defendant filed a petition to terminate the alimony. *See id.* The trial court denied the petition because "the defendant had failed to demonstrate a 'change of circumstances' sufficient to warrant termination." *Id.* at 757. The defendant appealed, arguing that modification was appropriate because "his income is approximately the same as it was in 1966, and the plaintiff's income has increased dramatically." *Id.* at 758. The supreme court agreed, holding that "[o]n the instant facts it is clear that there has been a substantial change in circumstances." *Id.* "[T]he combination of the supporting spouse's retirement, together with the dependent spouse's employment, earning of a substantial income, and accumulation of substantial savings subsequent to the original divorce decree, constitutes a substantial change of circumstances." *Id.* The defendant's petition for modification was therefore reinstated and the case remanded "so that the trial court may consider whether the alimony award should be modified as equity requires under the circumstances." *Id.*

¶ 17 In *Munns v. Munns,* 790 P.2d 116 (Utah Ct.App.1990), the parties were married for thirty-eight years when they divorced. *See id.* at 117. The plaintiff was awarded alimony, but only until she turned sixty-two (she was fifty-eight at the time the divorce decree was entered) and became eligible for social security. *See id.* at 117–18, 121.

¶ 18 Among other issues not relevant here, the plaintiff appealed the duration of the alimony award. This court reversed, holding that "the trial court abused its discretion in terminating her alimony at age sixty-two." *Id.* at 122. The defendant was therefore ordered to pay alimony to the plaintiff "indefinitely." *Id.* Notwithstanding this ruling, we provided, "If the parties' circumstances change as a result of one or the other's receipt of social security and/or retirement benefits, the court, with its continuing jurisdiction, may modify the alimony award at such time as the entitlement and actual amounts of the benefits become definite." *Id.* Thus, even though this court ordered permanent alimony, we approved the concept that a receipt of social security or retirement benefits could amount to a substantial change of circumstances warranting a modification "upon appropriate petition." *Id.*

¶ 19 Lastly, in *Johnson v. Johnson,* 855 P.2d 250 (Utah Ct.App.1993), the defendant appealed the alimony award because it did "not contemplate [the plaintiff's] future eligibility to receive substantial retirement benefits." *Id.* at 253. This court noted that the trial court did not make findings regarding the plaintiff's receipt of future income from the pension plan and how that would affect her need for alimony. *See id.* We then said:

We do not believe it makes for good law or sound policy to have parties arguing years after the fact over what a trial court may or may not have considered when making an alimony award. Utah appellate courts have consistently required that trial courts make adequate findings on all material issues of alimony to reveal the reasoning followed in making the award. Consequently, if a trial court knows that a party will be receiving additional future income it should make findings as to whether such additional income will affect the alimony award. The court should therefore have considered how [the plaintiff's] future receipt of retirement benefits would alter her future financial conditions and her ability to provide for her own needs. It then should have determined whether her future income would affect the alimony award.

If the future income from the pension plan is too speculative at the time of trial to anticipate the effect it will have on a receiving spouse's financial condition and needs, the court may, in its discretion, delay the determination of how the future income will affect the alimony award. However, the trial court must make findings indicating that the future income has not been considered in making the present award. Such findings will then allow the paying spouse to bring a modification proceeding at the appropriate time while satisfying the legal principle[ of whether a substantial change in circumstances has occurred].

*Id.* at 253–54 (citations omitted). We then held "that the trial court abused its discretion by failing to expressly indicate whether the future retirement benefits were considered in making the alimony award." *Id.* at 254.

■ ¶ 20 The trial court here held that there was not a substantial material change of circumstances because "[t]he alleged changes of Respondent's retirement and the parties' receipt of social security benefits are foreseeable events." The trial court made this ruling in the absence of any evidence, either in the form of an express provision in the divorce decree or other evidence adduced at the hearing on the petition to modify, that these events were foreseen at the time of the divorce. While it is axiomatic that parties to a divorce decree will experience some type of economic change after the original divorce decree is entered, the change, if substantial, will support a modification to the decree only if it was not foreseen at the time of the divorce decree. *See Durfee,* 796 P.2d at 716 (holding significant increase in party's income, although reasonably anticipated by parties themselves, was not contemplated by divorce decree and thus provided basis for modification); *Dana v. Dana,* 789 P.2d 726, 729 (Utah Ct.App.1990) (holding substantial increase in income was not substantial change in circumstances because it was contemplated by divorce decree). *Haslam, Munns,* and *Johnson* demonstrate that a party's retirement or receipt of social security, unless expressly foreseen at the time of the divorce, may amount to a substantial

material change of circumstances entitling the petitioner to a determination of whether the alimony should be modified. Accordingly, we hold that respondent's forced retirement and resulting income reduction and petitioner's receipt of social security benefits were substantial material changes of circumstances not foreseen at the time of the divorce. Thus, the trial court abused its discretion when it denied respondent's Petition to Modify Alimony on that basis.

■ ¶ 21 The trial court also based its decision on the fact that the parties had agreed to permanent alimony in the original divorce decree, apparently determining that neither the parties nor the court could modify the permanent alimony award. However, even if permanent alimony is awarded, a later substantial material change of circumstances not foreseen at the time of the divorce can provide grounds for modifying the permanent alimony "upon appropriate petition." *Munns,* 790 P.2d at 122; *see also* Utah Code Ann. § 30–3–5(7)(g)(i) (Supp. 1999). Thus, to the extent the trial court denied respondent's petition on this basis, it was also an abuse of discretion.

■ ¶ 22 Lastly, the trial court denied respondent's petition on the ground that "the current difference in the parties' incomes which has been stipulated as $138 is [not] a sufficient difference to warrant any change to the Court orders herein." Once a party has established that a substantial material change in circumstances not foreseen at the time of the divorce has occurred, the trial court must then consider what a reasonable alimony award is in light of that change. *See Throckmorton v. Throckmorton,* 767 P.2d 121, 124 (Utah Ct.App.1988). While attempting to equalize the parties' income may be a factor in that determination, it is not relevant to the determination of whether a substantial material change of circumstances has occurred. A substantial material change of circumstances may or may not have occurred regardless of the effect of the change on the parties' income. Accordingly, the trial court abused its discretion when it ruled that the insignificant difference between the parties' income justified denying respondent's peti-

tion on the basis of foreseen changed circumstances.

¶ 23 Once a finding is made that a substantial material change of circumstances has occurred that was not foreseeable at the time of the divorce, the trial court must then consider

"at least the following factors in determining alimony: (i) the financial condition and needs of the recipient spouse; (ii) the recipient's earning capacity or ability to produce income; (iii) the ability of the payor spouse to provide support; and (iv) the length of the marriage." These factors apply not only to an initial award of alimony, but also to a redetermination of alimony during a modification proceeding. The trial court must then make findings of fact based on these factors.

*Williamson v. Williamson*, 1999 UT App 219, ¶ 8, 983 P.2d 1103 (quoting Utah Code Ann. § 30–3–5(7)(a) (1998)) (other citations omitted).

¶ 24 Because we hold that a substantial material change of circumstances not foreseen at the time of the divorce has occurred, we remand to the trial court to hear evidence on the above factors and determine whether a modification of petitioner's alimony is appropriate.

### B. Attorney Fees

¶ 25 Respondent requests that this court reverse the trial court's award of attorney fees to petitioner, and award him his attorney fees incurred on appeal and below. Petitioner asks that we affirm her award of attorney fees below and award her attorney fees incurred on appeal.

¶ 26 A trial court may award attorney fees in a modification proceeding. *See* Utah Code Ann. § 30–3–3(1) (1998); *accord Williamson*, 1999 UT App 219 at ¶ 13, 983 P.2d 1103. "Both the decision to award attorney fees and the amount of such fees are within the trial court's sound discretion." *Wilde v. Wilde*, 969 P.2d 438, 444 (Utah Ct.App.1998). "In order to award attorney fees, the trial court must find (1) the requesting party is in need of financial assistance; (2) the requested fees are reasonable; and

(3) the other spouse has the ability to pay." *Muir v. Muir*, 841 P.2d 736, 741 (Utah Ct. App.1992).

¶ 27 The trial court awarded petitioner her attorney fees below and entered the appropriate findings. Because respondent does not challenge those findings on appeal, we do not disturb the trial court's award to petitioner.

¶ 28 Respondent was the prevailing party on appeal. We therefore exercise our discretion and award him attorney fees subject to the factors set out above. *See id.; see also Wilde*, 969 P.2d at 444. We remand the issue to the trial court so respondent may have a hearing on his financial need, petitioner's ability to pay, and the reasonableness of his fees. We deny petitioner's request for her attorney fees incurred on appeal.

### IV. CONCLUSION

¶ 29 In the absence of any evidence thereof in either the decree or the record, respondent's retirement and petitioner's receipt of social security benefits were substantial material changes in circumstances not foreseen by the original divorce decree. Because the trial court found the contrary, we hold that it abused its discretion by denying respondent's Petition to Modify Alimony.

¶ 30 The trial court's order denying respondent's petition is therefore reversed and the case remanded so the lower court can consider the factors set out in Utah Code Ann. § 30–3–5(7) (Supp.1999), and determine whether the changes in the parties' circumstances warrant a modification of the original alimony award.

¶ 31 We affirm the trial court's award of attorney fees to petitioner. Consistent with this opinion, on remand the trial court should determine respondent's entitlement to his reasonable attorney fees incurred on appeal.

¶ 32 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and NORMAN H. JACKSON, Associate Presiding Judge.