2007 UT App 61

**Laurie P. WALL, Petitioner and Appellee,**

v.

**Cory R. WALL, Respondent and Appellant.**

No. 20060312–CA.

Court of Appeals of Utah.

Feb. 23, 2007.

Gregory B. Wall, Wall & Wall, Salt Lake City, for Appellant.

Robert H. Wilde, Robert H. Wilde PC, Midvale, for Appellee.

Before BENCH, P.J., BILLINGS and DAVIS, JJ.

## OPINION

BILLINGS, Judge:

¶1 Cory R. Wall appeals from the trial court's order modifying decree of divorce and order denying motion for new trial. Specifically, Mr. Wall argues that the trial court erred when it denied his petition to reduce or terminate his alimony obligation to his ex-wife, Laurie P. Wall; denied his request to make the child support modification retroactive; denied his request for a new trial; and awarded Mrs. Wall attorney fees. We affirm and remand for a determination of attorney fees accrued on appeal.

## BACKGROUND

¶2 Mr. and Mrs. Wall were married on June 10, 1981, and were divorced by decree of divorce (the Decree) on November 2, 2000. At the time of the divorce, Mrs. Wall was not working because she was caring for the parties' three children and attending college. Mr. Wall was self-employed as an attorney.

Due to the nature of his law practice, his income fluctuated; however, at the time of the divorce, Mr. Wall's most current tax returns reflected a gross monthly income of $4734. According to the parties' settlement agreement (the Settlement Agreement) and the original Decree, Mr. Wall was required to pay Mrs. Wall $1200 per month in child support and $800 per month in alimony.

¶ 3 Following the parties' divorce, Mrs. Wall graduated from college and found full-time employment. On March 3, 2004, Mr. Wall filed a verified petition to modify the decree of divorce (the Petition). The Petition sought to terminate or reduce Mr. Wall's alimony obligation and to reduce his child support obligation based on Mrs. Wall's change in circumstances, specifically her graduation from college and subsequent employment.

¶ 4 On November 1, 2005, the trial court conducted a one-day trial regarding the Petition. At that time, the court determined that Mr. Wall's gross monthly income was approximately $4706 and Mrs. Wall's gross monthly income was approximately $2666. At the conclusion of the trial, the court found that there had been a substantial change in circumstances sufficient to reduce Mr. Wall's child support obligations to $977 per month, effective December 1, 2005. The court declined to make the modified child support order retroactive because it would harm the children as Mrs. Wall was unable to pay Mr. Wall the retroactive amount of approximately $4000.

¶ 5 Regarding Mr. Wall's alimony obligation, the trial court found that the parties did not agree at the time of divorce that the $800 monthly alimony was sufficient to meet Mrs. Wall's needs and that the documents on file with the court at the time of the divorce showed that the $800 per month actually did not meet her needs. The trial court further found that Mrs. Wall's completion of college and getting a job were contemplated by the parties at the time of divorce, and therefore she did not experience a substantial change in circumstances. The trial court declined to modify Mr. Wall's alimony obligations, and determined that the alimony should remain consistent with the provisions of the original

Decree. The court awarded attorney fees to Mrs. Wall.

¶ 6 On January 20, 2006, Mr. Wall filed a motion for new trial, requesting that a new trial be held on the issues of alimony reduction or termination, retroactive application of the child support modification order, and the award of attorney fees to Mrs. Wall. The trial court denied Mr. Wall's motion on March 28, 2006. Mr. Wall now appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 On appeal, Mr. Wall argues that the trial court erred in refusing to modify the original Decree. "The determination to modify a divorce decree is generally reviewed under an abuse of discretion standard. However, questions about the legal adequacy of findings of fact and the legal accuracy of the trial court's statements present issues of law, which we review for correctness." *Van Dyke v. Van Dyke*, 2004 UT App 37, ¶ 9, 86 P.3d 767 (quotations and citations omitted).

¶ 8 Mr. Wall also asserts that the trial court erred when it denied his motion for a new trial. "In deciding whether to grant a new trial, the trial court has some discretion, and we reverse only for abuse of that discretion." *Okelberry v. W. Daniels Land Ass'n*, 2005 UT App 327, ¶ 20 n. 14, 120 P.3d 34 (quotations and citation omitted).

¶ 9 Finally, Mr. Wall contends that the trial court erred in awarding attorney fees to Mrs. Wall at the conclusion of trial. "An award of attorney fees in divorce actions rests within the sound discretion of the trial court, which we will not disturb absent an abuse of discretion." *Wells v. Wells*, 871 P.2d 1036, 1038 (Utah Ct.App.1994).

## ANALYSIS

### I. Alimony

¶ 10 Mr. Wall contends that the trial court erred in failing to reduce or terminate his alimony obligation to Mrs. Wall. More specifically, he asserts that Mrs. Wall experienced a substantial change in circumstances when she completed college and became qualified for full-time employment.

344

¶ 11 "On a petition for a modification of a divorce decree, the threshold requirement for relief is a showing of a substantial change of circumstances occurring since the entry of the decree and not contemplated in the decree itself." *Moore v. Moore*, 872 P.2d 1054, 1055 (Utah Ct.App.1994) (quotations and citations omitted) (emphasis omitted). If a change in circumstances is "reasonably contemplated at the time of divorce[, then it] is not legally cognizable as a substantial change in circumstances in modification proceedings." *Dana v. Dana*, 789 P.2d 726, 729 (Utah Ct.App.1990).

¶ 12 "In order for a material change in circumstances to be contemplated in a divorce decree there must be evidence, preferably in the form of a provision within the decree itself, that the trial court anticipated the specific change." *Durfee v. Durfee*, 796 P.2d 713, 716 (Utah Ct.App.1990). Thus, "if both the divorce decree and the record are bereft of any reference to the changed circumstance at issue in the petition to modify, then the subsequent changed circumstance was not contemplated in the original divorce decree." *Bolliger v. Bolliger*, 2000 UT App 47, ¶ 13, 997 P.2d 903.

¶ 13 In its findings of fact, the trial court determined that at the time of the parties' divorce, Mrs. Wall was a full-time student with limited recent work experience and that either her completing a college degree or her getting a job, or both, was contemplated at the time of the divorce. Mr. Wall is correct that neither the parties' original Settlement Agreement, nor the original Decree, reference Mrs. Wall's graduation from college or subsequent employment. However, the trial court's findings of fact at the time of the divorce state that Mrs. Wall "is a full-time student with limited recent work experience." Moreover, Mrs. Wall's divorce complaint states that she was attending college at the time of the divorce "in an attempt to obtain skills which [would] allow her sufficient income to support herself." These references, made at the time of divorce, provide sufficient record evidence to support the trial court's conclusion that Mrs. Wall's graduation from college and subse-

quent employment were contemplated at the time of divorce.

¶ 14 Mr. Wall also argues that when the trial court refused to modify the alimony amount, it erred in determining that the $800 per month alimony payments did not meet Mrs. Wall's needs at the time of the divorce, and in considering Mrs. Wall's current needs—needs that did not exist at the time of the divorce. Although these arguments are not determinative as we have previously affirmed the trial court's finding that there has been no change in circumstances not contemplated at the time of the divorce, we nonetheless respond to Mr. Wall's concerns.

¶ 15 First, regarding Mr. Wall's argument that $800 per month was sufficient to meet Mrs. Wall's needs at the time of the divorce, we note that at the time of the divorce, the parties entered into the Settlement Agreement and stipulated that Mrs. Wall would receive $800 per month in alimony payments. Mr. Wall claims that by stipulating to this amount, Mrs. Wall agreed that $800 per month would sufficiently meet her needs. However, Mrs. Wall argues that the $800 per month was merely a settlement as to the amount she was to receive each month, not a stipulation that $800 per month was sufficient to meet her needs.

¶ 16 We conclude that simply because the parties stipulated to $800 per month alimony does not mean that they implicitly agreed $800 would sufficiently meet Mrs. Wall's needs. Instead, the stipulation indicates that they implicitly agreed that Mr. Wall has a legal obligation to pay alimony. Parties settle on alimony amounts for various reasons, including to balance a budget or to avoid extensive litigation.

¶ 17 Second, Mr. Wall argues that in refusing to modify the alimony amount the trial court improperly considered Mrs. Wall's current needs-needs that did not exist at the time of the divorce. Under Utah law, "[t]he court may not modify alimony or issue a new order for alimony to address needs of the recipient that did not exist at the time the decree was entered, unless the court finds extenuating circumstances that justify that action." Utah Code Ann. § 30–3–5(8)(g)(ii) (Supp.2006).

¶ 18 We have previously discussed the crux of Mr. Wall's argument on this issue—that $800 per month alimony was sufficient to meet Mrs. Wall's needs at the time of the divorce and that because her monthly income is triple the amount of alimony she receives, the court must have included additional needs that were not present at the time of the divorce. In making his argument, Mr. Wall fails to acknowledge the substantial debt Mrs. Wall accumulated to attend college. As we noted above, the record indicates that this was a circumstance contemplated by the trial court at the time of the divorce. In sum, we conclude that the trial court did not abuse its discretion in refusing to modify Mrs. Wall's alimony award.

## II. Child Support

¶ 19 Next, Mr. Wall argues that the trial court erred when it refused to apply the modification of child support retroactively. Utah Code section 78–45–9.3(4) states:

> A child or spousal support payment under a child support order *may be* modified with respect to any period during which a modification is pending, but only from the date of service of the pleading on the obligee, if the obligor is the petitioner, or on the obligor, if the obligee is the petitioner. If the tribunal orders that the support should be modified, the effective date of the modification *shall be* the month following service on the parent whose support is affected. Once the tribunal determines that a modification is appropriate, the tribunal shall order a judgment to be entered for any difference in the original order and the modified amount for the period from the service of the pleading until the final order of modification is entered.

Utah Code Ann. § 78–45–9.3(4) (Supp.2006) (emphasis added).[1] Mr. Wall asserts that the Utah Legislature created a mandatory requirement for retroactive application of a child support modification when it amended this section in 2003 to include the second sentence: "If the tribunal orders that the

support should be modified, the effective date of the modification *shall* be the month following service on the parent whose support is affected." *Id.* (emphasis added).

¶ 20 However, we read the statute as a whole, which makes it clear that as a general rule, child support orders are "not subject to retroactive modification." *Id.* § 78–45–9.3(3)(c). The statute goes on to provide an exception to the general rule and gives the court discretion to make child support modification orders retroactive. *See id.* § 78–45–9.3(3)(c), (4). The language in subsection (4) specifically states that the court "may" modify child support "with respect to any period during which a modification is pending." *Id.* § 78–45–9.3(4). The legislature's use of "may" clearly gives the court discretion to make child support modification orders retroactive.

¶ 21 Moreover, in *Wilde v. Wilde*, 2001 UT App 318, 35 P.3d 341, this court interpreted section 78–45–9.3(4) to give courts discretion to retroactively apply a modified child support award. *See id.* at ¶ 21. In addressing the Utah Legislature's 2000 amendment to this section, this court noted that the 2000 amendment retained the first sentence:

> "A child or spousal support payment under a child support order *may* be modified with respect to any period during which a modification is pending, but only from the date of service of the pleading on the obligee, if the obligor is the petitioner, or on the obligor, if the obligee is the petitioner."

*Id.* (emphasis added) (quoting Utah Code Ann. § 78–45–9.3(4)). This sentence had previously been interpreted "to give courts the discretion to determine both if and when a modified child support award should be made retroactive." *Id.* at ¶ 19; *see also Ball v. Peterson*, 912 P.2d 1006, 1012 (Utah Ct. App.1996); *Crockett v. Crockett*, 836 P.2d 818, 820 (Utah Ct.App.1992). Accordingly, this court concluded that by retaining the first sentence after the 2000 amendment, the statute "still provide[d] that support may be

---

1. This section was amended in 2003 and became effective on May 5, 2003. *See* Utah Code Ann. § 78–45–9.3 Amendment Notes. Mr. Wall's Petition was filed on March 3, 2004. Because the

Petition was filed after the 2003 amendment became effective, the provisions of the statute's current version apply.

modified retroactively with respect to any post-service period, not that it must be." *Wilde*, 2001 UT App 318 at ¶ 21, 35 P.3d 341 (emphasis omitted).

¶ 22 Similarly, we note that the Utah Legislature's 2003 amendment retained this same first sentence, giving the trial court discretion to make a child support modification order retroactive. Thus, the 2003 amendment merely made the date of retroactivity mandatory if the court decides to make a retroactive modification. In sum, because the trial court's retroactive application of the child support modification order is discretionary, we conclude that in this case the trial court was within its discretion in refusing to make the modification order retroactive.

### III. New Trial

¶ 23 Mr. Wall argues that the trial court erred when it denied his motion for a new trial. Specifically, he argues that he is entitled to a new trial because the trial court's findings concerning Mrs. Wall's claimed living expenses at the time of the divorce were not supported by sufficient evidence. Essentially, Mr. Wall is again arguing that the trial court should have used the amount of alimony that Mrs. Wall agreed to in the Settlement Agreement as the basis for Mrs. Wall's needs at the time of the divorce, instead of her financial declaration filed at the time of the divorce. However, as concluded above, the trial court was within its discretion to conclude that the $800 alimony award did not meet Mrs. Wall's needs at the time of divorce. Mr. Wall's motion for a new trial basically reargues his position on the trial court's findings concerning Mrs. Wall's financial needs at the time of the divorce; therefore, because we have already decided these issues, we conclude that the trial court did not err in denying his motion for a new trial.

### IV. Attorney Fees

¶ 24 Mr. Wall also asserts that the trial court erred in awarding attorney fees to Mrs. Wall. "The decision to award attorney fees and the amount thereof rests primarily in the sound discretion of the trial court." *Kelley v. Kelley*, 2000 UT App 236, ¶ 30, 9 P.3d 171 (quotations and citation omitted). Still, in awarding attorney fees, the trial court must consider "the receiving spouse's financial need, the payor spouse's ability to pay, and the reasonableness of the requested fees." *Id.* (quotations and citation omitted).

¶ 25 Mr. Wall fails to cite to the trial court's minute entry regarding attorney fees, in which the trial court found that Mrs. Wall's employment was only six weeks old at the time of the attorney fees award; Mrs. Wall did not have sufficient funds to handle her ongoing expenses; Mrs. Wall was the prevailing party on the most contested issue—alimony; and Mr. Wall had more discretionary income. The trial court noted Mr. Wall's limited discretionary income and thus only awarded Mrs. Wall a portion of her attorney fees. Because the trial court considered all of the necessary factors for determining an attorney fees award, we conclude that the trial court was within its discretion in awarding attorney fees to Mrs. Wall.

¶ 26 Finally, we note that "[i]n divorce proceedings, when the trial court has awarded attorney fees below to the party who then prevails on the main issues on appeal, we generally award fees on appeal." *Childs v. Childs*, 967 P.2d 942, 947 (Utah Ct.App.1998); *see also Nelson v. Nelson*, 2004 UT App 254, ¶ 9, 97 P.3d 722. Therefore, we remand to the trial court for an award of costs and attorney fees reasonably incurred by Mrs. Wall on appeal.

### CONCLUSION

¶ 27 Based on the foregoing reasons, we affirm the trial court's order modifying decree of divorce, in which the court denied the Petition to reduce or terminate alimony and declined to make the modified child support retroactive. We also affirm the trial court's denial of Mr. Wall's motion for a new trial and its award of attorney fees to Mrs. Wall. Finally, we award Mrs. Wall attorney fees on appeal and remand to the trial court for a determination of the amount of those fees.

¶ 28 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, and JAMES Z. DAVIS, Judge.