2009 UT App 3

Willa Mae YOUNG, Petitioner
and Appellee,

v.

Darrel Edward YOUNG, Respondent
and Appellant.

No. 20070577–CA.

Court of Appeals of Utah.

Jan. 2, 2009.

**302**

Gregory N. Skabelund, North Logan, for Appellant.

Kevin Fife and Jonathan R. Palmer, Logan, for Appellee.

Before Judges GREENWOOD, McHUGH, and ORME.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Darrel Edward Young (Husband) appeals the trial court's modification of his alimony obligation to Willa Mae Young (Wife), arguing that there was not a material change in circumstances to justify the modification. Husband also challenges the adequacy of the trial court's related factual findings as well as its decision to award Wife a portion of her attorney fees and costs incurred pursuing the alimony modification. For the reasons discussed below, we affirm.

## BACKGROUND

¶ 2 After nearly twenty-four years of marriage, Husband and Wife divorced in 2003. The parties agreed that Husband would pay $50 per month to Wife as alimony. This stipulated alimony was based on the parties' income at the time of their divorce: Husband's income was $1470 per month; Wife's income was $1009 per month. Shortly thereafter, in or about November 2004, Husband became eligible for $1132 per month in social security benefits. In light of this eligibility, Wife filed a petition to modify the original alimony award. Despite Husband's social security benefits entitlement, at the time of the modification proceeding he was not receiving those benefits because he was incarcerated under the custody of the State of Utah.[1] *See* 20 C.F.R. § 404.468 (1984) ("No monthly [social security] benefits will be paid to any individual for any month any part of which the individual is confined in jail, prison, or other penal institution or correctional facility for conviction of a felony.").

¶ 3 At the modification proceedings, the court found that (1) Husband's receipt of social security benefits was not expressly foreseen in the original divorce decree; (2) Husband's incarceration was a result of his voluntary actions;[2] and (3) if not for Hus-

---

1. In May 2004, Husband pleaded guilty to one count of attempted sexual abuse of a child and a second count of assault. The victim of these offenses was the parties' minor daughter. Pursuant to this plea, Husband's sentence "was suspended and [he] was placed on probation to serve an indeterminate term in jail not to exceed one (1) year and being released after six (6) months to enter [a sex offender treatment program]." Husband violated the terms and conditions of his probation, however, and he was re-

sentenced to a term of zero to five years. Husband therefore remained incarcerated at the time of the modification proceedings in mid–2007.

2. We note here that both Husband's initial incarceration and his failure to be released therefrom resulted from Husband's voluntary acts, namely Husband's commission of the assault on the parties' minor daughter and his failure to satisfy the terms and conditions of his probation.

band's incarceration, it is "substantially ... clear" that he would be receiving $1132 per month in social security benefits. Based on these findings, the court held that Husband's "right to social security benefits and [his] purposeful relinquishment of those benefits is tantamount to 'receipt'" such that $1132 per month may properly be imputed to Husband as income. This additional income, according to the trial court, constituted "a substantial material change in circumstances not foreseeable at the time of the divorce." Accordingly, the trial court granted Wife's petition and increased the alimony award from $50 to $739 per month. In addition, the trial court awarded Wife a portion of her attorney fees incurred in prosecuting the alimony modification. Husband appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 4 Husband first argues that the trial court was incorrect in holding that his entitlement to social security benefits constituted a substantial material change in the parties' circumstances justifying modification of the original alimony award. " 'The determination of the trial court that there [has or has not] been a substantial change of circumstances ... is presumed valid,' and we review the ruling under an abuse of discretion standard." *Bolliger v. Bolliger*, 2000 UT App 47, ¶ 10, 997 P.2d 903 (alterations in original) (quoting *Moon v. Moon*, 1999 UT App 12, ¶ 28, 973 P.2d 431).

¶ 5 Husband contends that the findings of fact are not supported by sufficient evidence. Generally, "[w]e will not disturb a trial court's factual findings unless they are clearly erroneous." *Wilde v. Wilde*, 2001 UT App 318, ¶ 31, 35 P.3d 341. A challenge to the evidentiary basis for findings of fact requires a party to properly marshal the evidence. *See Moon*, 1999 UT App 12, ¶ 24, 973 P.2d 431. Husband also challenges the adequacy of the trial court's factual findings supporting its determination of the modified alimony amount. A challenge to the legal adequacy

of factual findings in a divorce modification proceeding presents a question of law and is reviewed for correctness. *See Wall v. Wall*, 2007 UT App 61, ¶ 7, 157 P.3d 341, *cert. denied*, 168 P.3d 819, 2007 Utah LEXIS 120 (Utah 2007); *Van Dyke v. Van Dyke*, 2004 UT App 37, ¶ 9, 86 P.3d 767.

¶ 6 Finally, Husband urges us to reverse the trial court's award of attorney fees and costs to Wife. A trial court's decision to award attorney fees and costs in a divorce proceeding, including a modification proceeding, is presumed to be correct and will be reversed only upon a showing of " 'manifest injustice or inequity that indicates a clear abuse of ... discretion.'" *Wilde*, 2001 UT App 318, ¶ 38, 35 P.3d 341 (quoting *Crockett v. Crockett*, 836 P.2d 818, 819–20 (Utah Ct. App.1992)).

## ANALYSIS

### I. Modification of Wife's Alimony Award

¶ 7 Husband argues that the trial court erred in finding that a substantial material change had occurred sufficient to justify modification of Wife's original alimony award. Husband further argues that, even if the trial court was correct in finding a substantial material change had occurred, it erred in failing to address the statutorily relevant alimony factors in setting the modified alimony amount. We will address, in turn, the trial court's finding of a substantial material change and the adequacy of the court's findings in setting the modified alimony amount.

### A. Finding of a Substantial Material Change

¶ 8 In support of his argument that the trial court abused its discretion by determining that a substantial material change had occurred, Husband specifically argues that the trial court erred by imputing current income consisting of social security benefits and by failing to make a finding of "extenuating circumstances."[3] Wife, on the other

---

**3.** Relatedly, Husband argues that even if the social security benefits can properly be imputed to him as income, increased income for the payor spouse cannot constitute a substantial, material change in circumstances. However, Husband

fails to present us with legal analysis to support this argument and we therefore decline to address it as inadequately briefed. *See Valcarce v. Fitzgerald*, 961 P.2d 305, 313 (Utah 1998).

hand, argues that the trial court was correct in determining that Husband's entitlement to and purposeful relinquishment of his social security benefits constituted "receipt" of the same and that the court did not need to make a finding of "extenuating circumstances."

¶ 9 Trial courts in Utah have "continuing jurisdiction to make substantive changes and new orders regarding alimony based on a substantial material change in circumstances not foreseeable at the time of the divorce." Utah Code Ann. § 30–3–5(8)(g)(i) (Supp.2008);[4] *see Bolliger v. Bolliger*, 2000 UT App 47, ¶ 11, 997 P.2d 903. A party's receipt of social security benefits can constitute a substantial material change in circumstances for alimony modification purposes, so long as not expressly foreseen in the original decree of divorce. *See Bolliger*, 2000 UT App 47, ¶ 20, 997 P.2d 903 (citing several Utah cases). Courts may modify alimony based on such benefits when "the entitlement and actual amounts of the benefits become definite." *Id.* ¶ 18 (quoting *Munns v. Munns*, 790 P.2d 116, 122 (Utah Ct.App. 1990)).

¶ 10 In *Bolliger v. Bolliger*, 2000 UT App 47, 997 P.2d 903, this court addressed whether a trial court had abused its discretion by denying a petition to modify alimony where the parties had agreed to an alimony amount in the original divorce decree but, subsequently, the obligor spouse had been forced into retirement through a reduction in force and the obligee spouse became entitled to and received social security benefits. *See id.* ¶¶ 2–11. After discussing several relevant Utah cases, *see id.* ¶¶ 14–19, the *Bolliger* court recognized that Utah case law "demonstrate[s] that a party's retirement or receipt of social security, unless expressly foreseen at the time of the divorce, may amount to a substantial material change of circumstances." *Id.* ¶ 20. This court accordingly reversed the trial court, holding that the social security benefits and the forced retirement constituted substantial material changes in circumstances sufficient to justify

consideration of whether alimony should be modified. *See id.* ¶ 24.

¶ 11 The trial court in the instant case found that Husband became eligible for social security benefits shortly before Wife filed her modification petition, and that it is "substantially ... clear" that "[Husband] will begin to receive social security benefits in the amount of $1132 per month" once released from State custody. The trial court continued, finding that Husband's "incarceration is the sole cause of the denial of his Social Security benefits" and that Husband's continued incarceration is the result of his voluntary actions or failures to act. Based on these findings and citing *Bolliger*, the trial court determined that Husband's "right to social security benefits and [his] purposeful relinquishment of those benefits is tantamount to 'receipt'" such that $1132 per month could properly be imputed to Husband as income for alimony modification purposes.

¶ 12 On appeal, Husband first argues that the trial court incorrectly determined that he was in "receipt" of his social security benefits. In doing so, Husband more specifically challenges the trial court's findings that his entitlement to, and the actual amount of, his social security benefits was readily ascertainable even while he was incarcerated. To properly challenge these factual findings, Husband is required to marshal all of the evidence in support thereof, and then show that the court's decision is against the clear weight of that evidence. *See, e.g., Moon v. Moon*, 1999 UT App 12, ¶ 24, 973 P.2d 431 (citing *West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1315 (Utah Ct.App.1991)). Husband fails to adequately marshal the evidence; rather, he simply re-argues, as he did before the trial court, that he "is not in receipt of social security benefits and [that] the actual amount of said benefits ha[s] not become definite." When an appellant fails to meet the heavy burden of marshaling the evidence, we may presume the correctness of

---

**4.** Although Title 30, Chapter 3 has been amended since Wife filed her modification petition, the relevant portions of the current version are substantively identical. *Compare* Utah Code Ann.

§ 30–3–5 (Supp.2004), *with id.* (Supp.2008). Thus, for convenience, we cite to the current version of the statute throughout this opinion.

the trial court's findings and summarily affirm them. *See, e.g., id.* We do so here.[5]

¶ 13 Moreover, in *Proctor v. Proctor,* 773 P.2d 1389 (Utah Ct.App.1989), this court held that it was permissible to impute income to an obligor spouse for child support purposes where the obligor is able-bodied but is denied income "as a result of punishment for an intentional criminal act." *Id.* at 1391. This is so because, despite the incarceration, the obligor "retains the ability to earn and the duty to support." *Id.* While other jurisdictions have held to the contrary, *see, e.g., People ex rel. Meyer v. Nein,* 209 Ill.App.3d 1087, 154 Ill.Dec. 436, 568 N.E.2d 436, 437 (1991) (agreeing with those jurisdictions "which compare[ ] incarceration to an involuntary loss of employment"), we are bound by *Proctor.* We further conclude that the rationale of *Proctor* is applicable to alimony as well as child support obligations. Although retired, Husband is entitled to income that he is not receiving solely because he is now incarcerated for his voluntary commission of an intentional criminal act. In fact, both Husband's initial and continued incarceration resulted from Husband's voluntary actions; respectively, Husband's assault of the parties' minor daughter and his failure to satisfy the terms and conditions of his probation. Thus, in light of these circumstances, we conclude there was no error in the trial court's imputation of income to Husband for the period of time he is incarcerated.

██ ¶ 14 Second, Husband argues that the trial court failed to make a finding of "extenuating circumstances" to justify the alimony modification, as dictated by Utah Code section 30–3–5(8)(g)(ii). *See* Utah Code Ann. § 30–3–5(8)(g)(ii) (Supp.2008). Wife responds that Husband's reliance on section 30–3–5(8)(g)(ii) is misplaced and, accordingly, that the trial court did not need to make a finding of "extenuating circumstances." We agree with Wife. Section 30–3–5(8)(g)(ii) states that a trial court must make a finding of "extenuating circumstances" to properly modify an alimony award *"to address needs of the recipient spouse* that did not exist at the time the [divorce] decree was entered."

*Id.* (emphasis added). Although some evidence of an increase in Wife's post-divorce needs was alluded to before the trial court, Wife's modification petition was based on Husband's recent entitlement to social security benefits, not an increase in Wife's needs. As a result, the trial court did not err by failing to make a finding of "extenuating circumstances."

¶ 15 We therefore hold that the trial court acted within its discretion in determining that Husband was entitled to social security benefits and in imputing that income to Husband while he is incarcerated. Furthermore, because the trial court was not required to make a finding of "extenuating circumstances," there was no error in its failure to do so. Accordingly, we conclude that the trial court did not abuse its discretion by determining that Husband's eligibility for social security benefits constituted a substantial material change justifying modification of Wife's alimony.

**B. Adequacy of Findings Related to Statutory Alimony Factors**

██ ¶ 16 Husband argues that even if the trial court correctly concluded that his social security benefits constituted a substantial material change justifying alimony modification, the trial court nevertheless erred by failing to make adequate factual findings on the relevant statutory factors in setting the new alimony amount. After determining that alimony modification is appropriate, trial courts must consider each of the relevant statutory factors in setting the amount of modified alimony. *See id.* § 30–3–5(8)(a) (listing several factors trial courts must consider in determining alimony); *Bolliger v. Bolliger,* 2000 UT App 47, ¶ 23, 997 P.2d 903. The factors relevant to the present appeal are: "(i) the financial condition and needs of the recipient spouse; (ii) the recipient's earning capacity or ability to produce income; [and] (iii) the ability of the payor spouse to provide support." Utah Code Ann. § 30–3–5(8)(a)(i)–(iii); *cf. Andrus v. Andrus,* 2007 UT App 291, ¶ 17, 169 P.3d 754 (analyzing on appeal only those statutory factors that were

---

**5.** Husband's briefing also provides no details as to how the trial court's findings of the amount of

social security benefits is wrong. We therefore assume the trial court was correct.

relevant based on the parties' briefing). A trial court's failure to make adequate findings regarding the statutory factors constitutes reversible error, unless the facts that logically support the relevant findings are clear from the record. *See Andrus,* 2007 UT App 291, ¶ 17, 169 P.3d 754.

¶ 17 As to the first and second factors, the trial "court must state that 'the calculation of monthly expenses [and financial needs] is reasonable' and must explain how it arrived at the monthly amount, or at least from the record, allow us to make the determination for ourselves." *Rehn v. Rehn,* 1999 UT App 41, ¶ 7, 974 P.2d 306 (quoting *Baker v. Baker,* 866 P.2d 540, 546 (Utah Ct.App.1993)). Husband argues that the trial court's findings are inadequate because they fail to explain whether Wife's needs are reasonable, why Wife's needs are significantly greater than her income, and why she has no ability to increase her income. Wife argues that the trial court's consideration of the first two factors is evident from its factual findings. In supporting its modified alimony award, the trial court found:

> 14. Other than the $50.00 per month in alimony, [Wife's] monthly income is derived solely from annuities and Social Security [and].... Excluding the $50.00 per month in alimony, [Wife's] present monthly income totals $1,138.23....
>
> 15. At present, [Wife's] monthly need is $1,767.00. [Wife's] financial needs are significantly more than her monthly income. [Wife] has no ability to increase her income to meet this need.

Although the trial court did not state explicitly that Wife's stated monthly needs or earning potential are reasonable, it is implicit in its findings and the record is sufficiently clear that we can determine it for ourselves.

¶ 18 The record clearly demonstrates that Wife is retired and subsists exclusively on annuities and government benefits. These amounts are readily verifiable and the court was presented with an uncontested affidavit from Wife of those amounts. After objecting to the court's finding that Wife's needs were uncontested, Husband was questioned as follows:

> Court: What do you have to suggest that [Wife's] needs are not $1,767.30 per month?
>
> Husband: I don't have anything.

Husband's failure to controvert Wife's needs constituted a waiver of the argument he now repeats. Consequently, we conclude that the above factual findings, when viewed in combination with the record, are adequate to show the reasonableness of Wife's income, earning potential, and financial needs.

¶ 19 As to the third factor, Utah law indicates that trial courts must do more than simply state the payor spouse's income. *See id.* ¶ 10 (citing *Baker,* 866 P.2d at 547). Nevertheless, a trial court's factual findings are sufficient where they address, directly or indirectly, the payor spouse's " 'needs and expenditures, such as *housing, payment of debts,* and *other living expenses.*'" *Id.* (emphases added) (quoting *Baker,* 866 P.2d at 547).

¶ 20 The trial court concluded that "[Husband] has the ability to pay additional alimony [above the original $50 per month] to [Wife]." In support of this conclusion, the trial court specifically found that, although then incarcerated, upon being released from State custody, Husband would have a monthly income of $2694. The trial court further noted that Husband and Wife had recently sold their marital home and that Husband received a substantial sum of money representing his share of the sale proceeds.[6] Implicit in these findings are the facts that Husband no longer has a mortgage debt and, due to his incarceration, his "housing ... and other living expenses" are provided for him. Thus, we conclude that the trial court's findings were adequate to support its conclusion that Husband had the ability to pay additional alimony to Wife.

---

**6.** We note that, to the extent Husband challenges the trial court's discretion to force him to pay the increased alimony out of his half of the home equity, we find such argument unavailing. *Cf. Proctor v. Proctor* 773 P.2d 1389, 1391 (Utah Ct.App.1989) (holding that, where the husband was incarcerated, the trial court did not abuse its discretion in ordering him to pay increased support out of his half of the home equity, because "[his] inability to provide for his children from an income, instead of from his only asset, is a direct consequence of his own misconduct").

## II. Attorney Fees

¶ 21 Husband also urges this court to reverse the trial court's award of attorney fees to Wife, arguing that the trial court incorrectly concluded that Husband's income greatly exceeded Wife's. Given that trial courts have broad discretion in awarding attorney fees in alimony modification proceedings, *see Wilde v. Wilde*, 2001 UT App 318, ¶ 38, 35 P.3d 341, we will reverse only if we are convinced that the award was seriously inequitable or otherwise unjust. *See id.* To properly support an award of attorney fees in a modification proceeding, a trial court must be convinced of the reasonableness of the requested attorney fees as well as both the requesting party's need and the other spouse's ability to pay the fees. *See id.* ¶ 39. Failure to address any one of these factors may be fatal to the award. *See id.* (citing *Hoagland v. Hoagland*, 852 P.2d 1025, 1028 (Utah Ct.App.1993)).

¶ 22 In supporting its award of attorney fees to Wife, the court made the following findings:

17. [Husband's] income far exceeds [Wife's] income, and [Husband] has the ability to pay [Wife's] attorney[ ] fees and costs.

18. The rates charged by [Wife's] attorneys are usual and customary for the type of legal services rendered in these proceedings, and in this geographic locality. Thus, the attorney[ ] fees charged to [Wife] are reasonable under the circumstances.

19. Considering [Husband's] earning capacity, the parties' [total] income is $3,832.00. But for his incarceration, [Husband] would be earning seventy percent (70%) of the parties' combined income. The parties' combined attorney[ ] fees and costs are $15,374.00. [Husband] should be responsible for seventy percent (70%) of the combined fees, or $10,761.00. [Husband's] attorney[ ] fees are $7,218.00. As a result, [Husband] should ... pay $3,543.00 toward[ ] [Wife's] attorney[ ] fees and costs.

The trial court accordingly ordered Husband to pay $3543 to Wife for the purpose of helping to pay her attorney fees.

¶ 23 Husband concedes the reasonableness of Wife's requested attorney fees and acknowledges the trial court's findings regarding the necessary factors in awarding attorney fees. Husband argues only that the trial court erred in finding that "[Husband's] income far exceeds [Wife's] income." More particularly, Husband contends that the trial court erred when assessing each party's financial situation, especially in light of Wife's newly modified alimony award, which was entered in an attempt to equalize the parties' incomes. In light of the parties' now nearly equal incomes, Husband argues that the trial court erred in finding that Wife needed assistance to pay the fees and that Husband could pay for them. In response, Wife argues that the trial court correctly assessed the parties' finances and that the modified alimony amount was properly not considered by the trial court because her attorney fees are currently due and owing, while her modified alimony may not be paid until Husband is released from State custody. Wife further suggests that Husband has the ability to pay the fees while incarcerated, even considering the modified alimony amount, because he recently received a large sum of money from the sale of the marital residence. Wife acknowledges that she too received money from the same sale, however, she notes that she has "the burden of purchasing a new residence for herself and the parties' minor daughter, and [that Husband is] under no such burden due to his incarceration." Consequently, Wife argues that the trial court's award was within its allotted discretion.

¶ 24 The trial court stated that Wife had established her need for the fees based on her "present monthly income" and in light of the fact that her attorney fees were presently due and owing. The court also noted Husband's earning capacity and determined that Husband had the ability to pay Wife's fees, particularly because Husband had recently received proceeds from the sale of the marital home. We conclude that the trial court acted within its allotted discretion in awarding Wife a portion of her attorney fees. *See Wall v. Wall*, 2007 UT App 61, ¶ 25, 157 P.3d 341.

## CONCLUSION

¶ 25 In sum, we find no abuse of discretion in the trial court's finding that Husband's entitlement to social security benefits constituted a substantial material change so as to justify modifying Wife's alimony and in imputing income to him. We further determine that the trial court made adequate factual findings to support the amount of the modified alimony award. Finally, we conclude that the trial court did not abuse its broad discretion by awarding Wife a portion of her attorney fees incurred in litigating her modification petition. Based on the foregoing, we affirm.

¶ 26 WE CONCUR: CAROLYN B. McHUGH, Judge and GREGORY K. ORME, Judge.