HARRIS, Judge (concurring):
 

 ¶10 I concur in full with the majority opinion, because in my view the result in this case is compelled by the plain language of Utah Code section 30-3-5(8)(i)(i), which allows district courts to modify alimony orders only where there exists a change in circumstances that is both (a) substantial and material, and (b) "not foreseeable at the time of the divorce." (LexisNexis Supp. 2017);
 
 see also
 

 Macdonald v. Macdonald
 
 ,
 
 2017 UT App 136
 
 , ¶ 12,
 
 402 P.3d 178
 
 (interpreting the statute to require that "a change in circumstances, even a substantial one, can only form the basis for the modification of alimony if that circumstance was not
 
 foreseeable
 
 -as opposed to actually foreseen-at the time of the divorce" (quotation simplified) ),
 
 aff'd
 
 ,
 
 2018 UT 48
 
 ,
 
 430 P.3d 612
 
 . As the majority opinion recognizes, retirement will usually be foreseeable, and clearly was in this case.
 
 See
 

 supra
 
 ¶7. Accordingly, I agree that the district court did not abuse its discretion in determining that the requirements of the statute were not met, and therefore did not err in declining to consider a modification to the applicable alimony order.
 

 ¶11 I write separately for two reasons. First, I wonder whether this result-especially as applied to retirement-is truly what our legislature intended. While it is of course the legislature's task-and not ours-to weigh competing policy considerations and craft legislation, it seems to me that there are compelling policy reasons to prefer the rule discussed in our previous decision in
 
 Bolliger v. Bolliger
 
 ,
 
 2000 UT App 47
 
 ,
 
 997 P.2d 903
 
 , interpreting the statutory language in effect prior to the 1995 statutory amendment discussed in
 
 Macdonald
 
 ,
 
 2017 UT App 136
 
 , ¶ 12 n.4,
 
 402 P.3d 178
 
 . Under the previous rule, "a party's retirement or receipt of social security, unless expressly foreseen at the time of the divorce, may amount to a substantial material change of circumstances entitling the petitioner to a determination of whether the alimony [order] should be modified."
 
 Bolliger
 
 ,
 
 2000 UT App 47
 
 , ¶ 20,
 
 997 P.2d 903
 
 . The language of the current statute, by contrast, could give rise to situations in which payor spouses are saddled with alimony obligations that were computed based on pre-retirement income but that, subsequent to their retirement, they may not realistically be able to meet. If that result is not what the legislature intended, then it should consider amending the statute.
 

 ¶12 Second, assuming that the current statutory scheme remains in place, I urge family law practitioners and district judges, when negotiating and drafting alimony provisions in decrees of divorce, to make a practice of taking into account the parties' likely future retirement, and making appropriate
 
 ex ante
 
 adjustments to the payor spouse's future payment obligations to account for significant foreseeable post-retirement changes in the parties' financial situation, including the extent to which the payee spouse will receive significant retirement benefits, and including any changes in the payor spouse's income.